381 So.2d 1172 (1980)
D'AVILA, INC., and Chubb Group of Insurance Companies, Appellants,
v.
Ernestina MESA, Appellee.
No. QQ-267.
District Court of Appeal of Florida, First District.
March 14, 1980.
Rehearing Denied April 16, 1980.
H. Jack Miller of Miller & Hodges, Miami, for appellants.
David H. Levine of Ser, De Cardenas, Levine, Busch & Allen, Miami, for appellee.
SHIVERS, Judge.
This workmen's compensation appeal is from an award of temporary total disability benefits. The judge of industrial claims found that appellee's preexisting asthma condition was aggravated as a result of her employment. We reverse because there is no competent substantial evidence to support this finding.
*1173 Appellee, aged 64, had worked as a seamstress in appellant employer's garment factory for approximately four years when she quit on July 3, 1976. Appellee testified that her respiratory condition had deteriorated over the preceding two-year period and that she quit because of an onset of severe respiratory problems. Appellee suffered her first acute asthma attack since childhood two weeks after quitting her job. As a result of the asthma attack, she was hospitalized.
Dr. Garcia testified appellee gave him a history of working with silk and cotton. His theory was that appellee's allergic reaction to these materials induced the attack. Appellee testified that when Dr. Garcia admitted her to the hospital, he told her that her condition was connected to dust from the materials at work. Dr. Garcia performed no specific tests to determine appellee's allergic sensitivities and to confirm his diagnosis.
Appellee actually worked with polyester. An anesthesiologist who treated appellee, Dr. Franco, assumed her exposure to polyester particles in her work environment could have aggravated her chronic asthma condition. He also testified acute asthma attacks could be induced by many causes, such as tension or colds. Dr. Franco performed no tests to determine if polyester particles actually were present in her lungs. An otolaryngologist, Dr. King, did test appellee for polyester allergies, but the results proved negative. He felt her bronchial problems had nothing to do with her employment, since her acute asthma attack occurred weeks after she quit, and since in his opinion handling polyester fabric would not induce such an attack. Finally, a public health official who performed tests for toxic materials in the factory testified the work environment was safe for the average worker. There was a high concentration of particles in the air at the factory. However, the particle concentration in the air fell below the "nuisance" standard.
The record does not support the finding that appellee's exposure to particles at work accelerated or aggravated her preexisting asthma condition. Dr. Garcia and Dr. Franco, who did not base their opinions on any test results, merely assumed that the concentration of particles at the factory was hazardous to appellee's asthma condition. But no evidence showed the polyester or dust particles there did present such a hazard, either to the average worker or to appellee. To the contrary, the public health official concluded from his tests that the factory environment was safe. Also, Dr. King, who did test appellee's sensitivity to polyester, found appellee was not abnormally sensitive. Since the expert opinions of Dr. Franco and Dr. Garcia are based on facts not in evidence, they thus do not constitute competent, substantial evidence justifying an award. An expert opinion based on facts not supported by the evidence cannot constitute proof of the existence of facts necessary to the support of an opinion. Arkin Construction Company v. Simpkins, 99 So.2d 557 (Fla. 1957).
We note that since this claim is predicated upon the alleged aggravation of appellee's asthma disease, she had to fulfill a high burden of proof to show her alleged injury arose out of her employment. In cases involving an employee's disease, as distinguished from an external accident sustained by the employee, the employee must prove a causal connection between injury and employment by clear evidence, not just by a preponderance of the evidence, or by speculation or conjecture. Harris v. Josephs of Greater Miami, 122 So.2d 561 (Fla. 1960). Appellee has failed to meet this burden.
The remaining issues raised by the parties need not be decided. The order is reversed and the cause remanded to the judge of industrial claims with directions to dismiss the claim.
ERVIN and SHAW, JJ., concur.