392 So.2d 368 (1981)
CARDINAL INDUSTRIES, INC., and Insurance Company of North America, Appellants,
v.
Clarence DAWKINS, Appellee.
No. QQ-426.
District Court of Appeal of Florida, First District.
January 16, 1981.
*369 Donna L. Bergh, Orlando, for appellants.
Gary L. Stump, Wittaker, Pyle, Stump & Webster, Orlando, for appellee.
McCORD, Judge.
Appellants, employer/carrier, appeal from a workers' compensation order awarding certain temporary total disability benefits to appellee, ordering appellants to pay for continuing medical care for appellee and assessing attorney's fees. Competent substantial evidence supports the Judge of Industrial Claims' finding of temporary total disability from November 30, 1978, until January 24, 1979, and thus we affirm the benefits awarded therefor. However, as to the remaining temporary total disability benefits awarded and the award of continuing medical care, we reverse.
Appellee sustained a work-related injury in July 1978 when he strained a muscle in his lower back. He missed no work as a result of that injury and continued his work activities as usual, which included lifting heavy sheets of gypsum. On November 7, 1978, he sustained another injury when he fell from a jack and landed on his hand and buttocks on a cement surface. Following that accident, he continued normal work activities for two weeks, after which time he consulted Dr. Williams, a family physician. Dr. Williams took x-rays but found nothing wrong with appellee, and referred appellee to Dr. Madison, an orthopedist, who first saw appellee in December 1978. Dr. Madison prescribed a corset for appellee as well as physical therapy but did not place any restrictions on appellee in regard to his back. In January 1979, appellee was seen by Dr. Madison's partner, Dr. Mackey. Dr. Mackey found no objective indication of back injury but, based on appellee's subjective complaints, he prescribed a certain nerve treatment and physical therapy three times a week. Dr. Madison testified that during the time appellee was undergoing therapy, he was unable to work. He also testified that by January 24, 1979, he had performed all the appropriate tests and still found no objective findings of any back problems. Consequently, he prescribed no further treatment. Another doctor, Dr. Stanford, began to see appellee in February 1979 and, after taking extensive tests, concluded that he could find no cause for appellee's symptoms, and he had no treatment to offer.
At the hearing, appellee testified that he still suffers pain. He has not worked since December 11, 1978, and, at the time of the hearing in February 1979, he felt he was unable to work. The Judge of Industrial Claims concluded that appellee was temporarily totally disabled from November 30, 1978, the date he last worked for his employer, forward. He also ruled that appellants are responsible for payment of past and future medical bills incurred by appellee.
*370 Dr. Madison's testimony is competent to establish that appellee was unable to work during the period of physical therapy, which ended January 24, 1979, when Dr. Madison concluded that, on the basis of many tests, appellee suffered no physical injury. Thus, on the basis of Dr. Madison's testimony, the evidence supports the finding of temporary total disability until that point in time.
Competent substantial evidence does not, however, support the Judge of Industrial Claim's conclusion that appellee is entitled to further temporary total disability benefits and to continuing medical treatment. Of the three doctors testifying, none found residual problems with appellee's back, and all three recommended no further treatment. The only testimony indicating temporary total disability and the need for continuing treatment was appellee's own testimony. According to Action Pool Builders v. Grant, IRC Order 2-3743 (1979):
Where there is no medical evidence that the claimant is totally disabled, total disability cannot be established merely by the claimant's testimony that he did not make an effort to work because he did not feel able to do so. Under such circumstances, a claimant is required to make an effort to return to gainful employment. Martin Marietta Corporation v. Johnson, 7 FCR 355 (1973), cert. denied, 283 So.2d 557 (Fla. 1973).
Therefore, the award of temporary total disability benefits beyond January 24, 1979, and the award of continuing medical treatment are reversed.
As to the award of attorney's fees, we remand for reassessment in light of the reduction of benefits awarded as a result of this opinion.
Affirmed in part, reversed in part, and remanded for reassessment of attorney's fees.
MILLS, C.J., and BOOTH, J., concur.