393 So.2d 664 (1981)
WALTER GLADES CONDOMINIUM, and Federal Insurance Company, Appellants,
v.
Petunia MORRIS, Appellee.
No. VV-481.
District Court of Appeal of Florida, First District.
February 11, 1981.
Frank G. Cibula, Jr., West Palm Beach, for appellants.
Thomas Hoadley, of Hoadley & Gavigan, West Palm Beach, for appellee.
THOMPSON, Judge.
The appellants challenge a workers' compensation Order, contending in part that the Deputy Commissioner ("the Deputy") erred in finding that the appellee ("the claimant") has been temporarily totally disabled since her accident. We agree and reverse.
The claimant was injured in a work-related accident on July 20, 1978. In August 1978, she was examined by a physician, who told her that she should report back to work. She reported to her employer, but was told that she should not return to work until she was feeling well. The claimant has not returned to her employer since August 1978, nor has she sought other employment since then. On May 30, 1980, the Deputy entered his Order, finding in part that the claimant was temporarily totally disabled from the date of her accident until May 1980.
*665 Temporary total disability is the healing period during which the claimant is totally disabled and unable to work, due to her injury. Cling Electric, Inc. v. Jones, 376 So.2d 481 (Fla. 1st DCA 1979). The claimant has the burden of proving that she is temporarily totally disabled. See City of Miami Beach v. Schiffman, 144 So.2d 799, 805 (Fla. 1962). In this case, the claimant has failed to meet that burden.
There must be competent substantial evidence showing that the claimant is unable to work before she is entitled to temporary total disability benefits. There is a total lack of such evidence herein. There was no medical evidence that the claimant was unable to work. In fact, a physician told her that as of August 1978, she should return to work. Where there is no medical evidence that the claimant is unable to work, she is required to make a conscientious effort to return to work before she can establish that she is in fact unable to work. See Action Pool Builders, Inc. v. Grant, IRC Order 2-3743 (March 23, 1979); Mendivil v. Tampa Envelope Manufacturing Co., 233 So.2d 5 (Fla. 1970).
Here, the claimant did make one effort to return to work, but before she began to work, she was told to come back when she was well. Thus, she did not test her ability to work. Also, she has never attempted to go back to work since August 1978. In this respect, the claimant testified that she has not attempted to return to work because she felt "unable" to do so. However, in the absence of medical evidence showing that she was unable to work, "[a] claimant cannot establish entitlement to temporary total [disability] benefits merely by testifying that [s]he did not make any effort to return to work because [s]he did not feel able to." Martin Marietta Corp. v. Johnson, 7 FCR 355, 356 (1973), cert. den. 283 So.2d 557 (Fla. 1973). See also Grant, IRC Order 2-3743. The claimant has not made a conscientious effort to return to work, and thus, under the facts herein, the Deputy erred in awarding her temporary total disability benefits.
As for the appellant's contention that the Deputy erred in finding that the claimant gave timely notice of her accident, we affirm on this point because there is competent substantial evidence to support the Deputy's finding.
The Deputy's Order is reversed insofar as it awards the claimant temporary total disability benefits and interest on such benefits.
SHIVERS, and SHAW, JJ., concur.