395 So.2d 275 (1981)
TALLAHASSEE COCA COLA BOTTLING COMPANY and Hartford Insurance Company, Appellants,
v.
Johnny L. PARRAMORE, Appellee.
No. WW-472.
District Court of Appeal of Florida, First District.
March 13, 1981.
H. George Kagan of Miller, Hodges & Kagan, Miami and B. Sternstein of McFarlain, Bobo, Sternstein, Wiley & Cassedy, Tallahassee, for appellants.
James N. McConnaughhay of McConnaughhay & Roland, Tallahassee, for appellee.
THOMPSON, Judge.
The appellants challenge a workers' compensation Order, contending that the Deputy Commissioner ("the Deputy") erred in finding that the claimant was temporarily totally disabled. We agree and reverse.
The claimant was injured in a work related accident in June 1977. He was examined by an orthopedic surgeon who diagnosed a possible back strain and advised him to stay off work for 2 or 3 days. Two weeks later he returned to work. In April 1978, ten months after the accident, the claimant was discharged from his employment due to repeated misconduct. From April 1978 to January 1980, the claimant did not work at a regular job and has not looked for work since he was discharged in April 1978. The first orthopedic surgeon saw the claimant again in April 1978 and in *276 February 1979. No evidence of a herniated disc was found on the first or any of these subsequent examinations. On September 12, 1979, the claimant was examined by a second orthopedic surgeon who reported that he found no evidence of any organic back disease as a result of claimant's injury and that the only objective finding was a limp. The doctor questioned whether it was a true limp or a feigned limp. On January 24, 1980, the claimant was examined by a third orthopedic surgeon. The doctor referred the claimant to a physical therapy service, but the claimant failed to follow this referral. According to the doctor, as of January 24, 1980, maximum medical improvement ("MMI") had not been reached. The doctor scheduled an appointment to examine the claimant after one month of therapy, but the claimant did not keep this appointment.
The Deputy subsequently found that the claimant was temporarily totally disabled from January 24, 1980. The Deputy determined that since that date, the claimant "has not been able to work because of pain." However, there was no medical evidence that the claimant was unable to work. In fact, the medical evidence prior to the January 1980 examination affirmatively showed that the doctors could find no medical reason why the claimant could not work, and there was no reason given by the doctors that would excuse the claimant's failure to make an adequate work search or effort to return to work.
In Walter Glades Condominium v. Morris, 393 So.2d 664, 665 (Fla. 1st DCA 1981), this court noted that "temporary total disability is the healing period during which the claimant is totally disabled and unable to work," due to an injury. In this instance, the Deputy found that the claimant was temporarily totally disabled from January 24, 1980. However, there was no medical evidence that since that date he was unable to work. As such, he was required to make a conscientious effort to return to work before he could establish that he was in fact unable to work. Id.
As noted above, the claimant has not looked for work since April 1978. Nor does the record indicate that he has attempted to do any type of work since January 24, 1980. In fact, at the April 1980 hearing, the claimant testified that he spends his time staying around the house. Sometimes he washes "a dish," while at other times his friends will stop by and he will go fishing with them. The claimant testified that while he wants to go back to work, he has not attempted to do so, apparently because his back bothers him significantly. However, in the absence of medical evidence showing that he was unable to work, a claimant cannot establish temporary total disability merely by testifying that he did not attempt to return to work because he felt unable to, or because pain precluded him from trying. See Morris, 393 So.2d at 665.
The claimant has not made a conscientious effort to return to work and thus, under the facts herein, the Deputy erred in awarding him temporary total disability benefits. Moreover, this error is not negated by the fact that one doctor testified that MMI had not been reached, since such testimony "does not constitute a basis for an award of temporary total disability benefits."[*]Hercules Fence Distrib. v. Wooten, IRC Order 2-3450 (June 2, 1978). Accordingly, the Deputy's Order is reversed.
SHIVERS and SHAW, JJ., concur.
NOTES
[*] We also note that it is highly questionable that this doctor's testimony constitutes competent substantial evidence, since his testimony was based on erroneous assumptions and "facts" unsupported by the evidence. See D'Avila, Inc. v. Mesa, 381 So.2d 1172, 1173 (Fla. 1st DCA 1980); Arkin Constr. Co. v. Simpkins, 99 So.2d 557, 561 (Fla. 1957).