404 So.2d 174 (1981)
PALM BEACH NEWSPAPERS, INC., and Fred S. James & Company of Florida, Appellants,
v.
Sophia B. ROSTON, Appellee.
No. AB-180.
District Court of Appeal of Florida, First District.
September 29, 1981.
Marjorie D. Gadarian, of Jones & Foster, P.A., West Palm Beach, for appellants.
Stanley J. Narkier, of Weathers, Narkier & Brooks, P.A., West Palm Beach, for appellee.
THOMPSON, Judge.
On this appeal, the employer/carrier contends that the Deputy Commissioner erred by awarding temporary total disability benefits to the claimant and by finding that the employer/carrier is responsible for the costs of treatment by an unauthorized physician. We agree and reverse.
There must be competent substantial evidence showing that the claimant is unable to work before she is entitled to temporary total disability benefits. When there is a lack of medical evidence in this respect, then the claimant must make a conscientious effort to return to work before she can establish that she is unable to work and is entitled to temporary total disability benefits. Commercial Carrier Corp. v. Bennett, 396 So.2d 847, 848 (Fla.1st DCA 1981); Tallahassee Coca Cola Bottling Company v. Parramore, 395 So.2d 275, 276 (Fla.1st DCA 1981); Walter Glades Condominium v. Morris, 393 So.2d 664, 665 (Fla.1st DCA 1981).
In this case, the claimant was treated by four medical doctors and none of these was of the opinion that she was unable to work. Dr. Holder, a chiropractor, did advise her against returning to work to the extent that pain would result, but the Deputy Commissioner specifically rejected Dr. Holder's findings in this regard.
*175 There was no medical evidence of the claimant's inability to return to work. Additionally, the record does not reflect that the claimant made a conscientious effort to return to her employment. Also, once that employment was terminated, the claimant was required to seek work to establish temporary total disability. She had the burden of showing that her work search was successful, but that she was unable to perform the work. Alternatively, she would have to show that a bona fide work search was unsuccessful due to her disability. See Lehigh Corp. v. Byrd, 397 So.2d 1202, 1204 (Fla. 1st DCA 1981). The claimant has failed to establish any of the preceding elements. Moreover, her testimony to the effect that she did not feel capable of working cannot serve as the basis for an award of temporary total disability benefits. Morris, 393 So.2d at 665.
The Deputy Commissioner also found that Dr. Holder's treatment was reasonable and necessary and that the employer/carrier was responsible for the payment of Dr. Holder's bills, along with a transportation reimbursement for the claimant. Dr. Holder's treatment was not authorized and an unexplained finding by the Deputy Commissioner that the unauthorized treatment was reasonable and necessary does not excuse the failure to obtain authorization. Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117, 1120 (Fla.1st DCA 1981).
The Deputy Commissioner's Order is reversed insofar as it awards temporary total disability benefits and directs the employer/carrier to pay Dr. Holder's bills and reimburse the claimant for transportation expenses incurred in conjunction with his treatment. This cause is remanded for proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and JOANOS, J., concur.