406 So.2d 55 (1981)
ORIENTE EXPRESS INN and Argonaut Insurance Co., Appellants,
v.
Eugenia C. RODRIGUEZ and Division of Workers' Compensation, Department of Labor & Employment Security, Appellees.
No. YY-496.
District Court of Appeal of Florida, First District.
November 17, 1981.
Edward Almeyda of Cornell & Almeyda, Miami, for appellants.
John W. Salmon of Whitman, Wolfe & Gross, Miami, for appellees.
WENTWORTH, Judge.
Employer/carrier appeals a workers' compensation order granting a claim for temporary total disability compensation, awarding medical care "pursuant to the provisions of F.S. 440.13," and finding claimant, a waitress, had not been rated for permanent disability. Compensability had been denied and the order states no benefits were voluntarily paid. Appellant challenges the sufficiency of evidence for the findings on date of maximum medical improvement and period of temporary disability, and for the award of medical care. We affirm.
Appellant urges reversal of the award of temporary disability compensation because the medical evidence, substantiating claimant's testimony as to her physically disabling conditions, did not cover every month of the lengthy period in question between August 15, 1978, and July 21, 1980. We conclude, however, that the medical evidence sufficiently establishes a causal relation and does not negate the continuity of such disability, particularly where claimant's right to medical care is in issue during the period in question. Decisions based on clear conflict between medical evidence and a claimant's testimony, or absence of work search after a medical release for that purpose, are of course to be distinguished. Cf., Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981); Palm Beach Newspapers, Inc. v. Roston, 404 So.2d 174 (Fla. 1st DCA 1981); Martin Marietta Corp. v. Johnson, 7 FCR 355 (1973), cert. denied, 283 So.2d 557 (Fla. 1973). See also Orange County Board of County Commissioners v. Brenemen, 233 So.2d 377 (Fla. 1980), and Decks, Inc. of Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980).
For similar reasons appellant's reliance on Cardinal Industries, Inc. v. Dawkins, 392 So.2d 368 (Fla. 1st DCA 1981), is misplaced insofar as the order finds entitlement to future medical attention "pursuant to ... *56 F.S. 440.13." No appeal is taken from the reservation of jurisdiction to determine permanent disability, and we find no conflict between the quoted language and the determination of maximum medical improvement based on the opinion of an examining physician. The circumstances, instead, present a situation well within the deputy's prerogatives as fact finder.
Appellant's additional argument relates to impropriety of the order's recitation of a physician's report not in evidence. The error in this respect appears to be harmless since neither the record nor the face of the order indicate that the report had any significant bearing on the deputy's conclusions.
The order is affirmed.
ERVIN and JOANOS, JJ., concur.