WIGGINTON, Judge.
This is a workers’ compensation appeal from an order of the deputy commissioner awarding claimant temporary total disability benefits, permanent partial impairment benefits, penalties, interests, costs and attorney’s fees. We affirm in part, and reverse in part.
On or about February 27, 1977, the date of the injury, claimant, a sixty-four year old male, was the owner-general manager of a small motel on Ft. Lauderdale Beach. While replacing a guest’s television, claimant slipped and fell, injuring his back. He received intermittent treatment for the next three years. Claimant filed his claim on August 5, 1980, claiming all benefits for which he was. entitled under Chapter 440. A hearing was held on February 17, 1981, after which the deputy commissioner awarded TTD benefits from February 28, 1977, through January 14, 1981, and benefits for permanent partial impairment at 20% of the body as a whole thereafter.
We reverse that part of the deputy’s order awarding claimant TTD benefits for the entire period from February 28, 1977, through January 14, 1981. Our review of the record reveals that there is lacking medical evidence as to claimant’s being temporarily totally disabled throughout the whole three-year period. Further, there was no evidence of a conscientious effort on claimant’s part to return to work during any period of time. Absent medical evidence that claimant was unable to work, and absent an effort to return to work in order to show his inability to work, claimant is not entitled to receive TTD benefits. See generally Palm Beach Newspapers, Inc. v. Roston, 404 So.2d 174 (Fla. 1st DCA 1981); and McKenney v. School Board of Palm Beach County, 408 So.2d 655, (Fla. 1st DCA, 1981).
However, from the record, there is competent substantial evidence on which to *604 base a finding that claimant was temporarily totally disabled during portions of that period of time.
Consequently, we hold that claimant is entitled to TTD benefits from February 28, 1977, through November 1,1977; from July 27, 1978, through January 31, 1979; and from August 5, 1980, through January 14, 1981. We affirm that portion of the deputy’s order awarding permanent partial benefits, penalties and costs.
Accordingly, this cause is reversed and remanded with instructions that the deputy commissioner enter an order consistent with this opinion.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH, J., concur.