418 So.2d 393 (1982)
DADE PROPERTY MANAGEMENT, INC. and Chubb Group of Insurance Companies, Appellants,
v.
Orestes LAZO and Division of Workers' Compensation, Appellees.
No. AI-24.
District Court of Appeal of Florida, First District.
August 18, 1982.
*394 H. George Kagan of Miller, Hodges & Kagan, Miami, for appellants.
Williams & Zientz, P.A., Coral Gables and Joseph C. Segor, Miami, for appellees.
THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers' compensation order, contending, inter alia, that the deputy commissioner (deputy) erred in finding that claimant's pre-existing coronary artery disease was aggravated by unusual stress not routine to his job, and in finding a causal connection between the aggravation of the pre-existing disease and the necessity for subsequent coronary bypass surgery. We reverse.
On October 6, 1979, the claimant carried two mattresses from a storeroom in an apartment complex to the apartment of one of the employer's tenants. The claimant testified that while he was in the process of moving the second mattress, he experienced an episode of severe chest pain which lasted for approximately half an hour. According to the claimant, he immediately sought treatment from Dr. Lazo, who told him that his condition would require hospitalization. However, Dr. Lazo's records show that claimant was seen on October 5, 1979, the day before the alleged industrial accident, and include no indication that claimant was seen on October 6. In any event, it is uncontradicted that claimant did not enter American Hospital until October 8, and that he was completely asymptomatic when admitted. On October 11, 1979 claimant underwent a coronary angiogram, which resulted in a diagnosis of severe coronary arteriosclerosis and a recommendation that bypass surgery be performed. Claimant was admitted to Mt. Sinai Hospital on October 22 for aortocoronary bypass surgery which was performed on October 24. The claimant remained pain free and asymptomatic at the time of his admission to Mt. Sinai.
Although the claimant testified both on deposition and at the hearing that he had been in perfect health prior to October 6, 1979; and had never before experienced chest pains or other symptoms of heart disease, this testimony was conclusively refuted by medical records indicating that claimant had a long history of chest pain and other anginal symptoms. Claimant's treating cardiologists found evidence that he had suffered a small myocardial infarction, but determined that the infarction had occurred prior to the date of the alleged accident. The only medical evidence tending to establish that there was any relationship between the alleged industrial accident and the necessity for bypass surgery was the testimony of Dr. Gilbert, who was not a cardiologist, and who saw claimant on only one occasion some 11 months after the alleged accident. Dr. Gilbert's opinion as to causation was based on a hypothetical question which included "facts" which have no support in the record. Accordingly, his opinion does not constitute substantial, competent evidence as to causation and the deputy erred in relying thereon. D'Avila, Inc. v. Mesa, 381 So.2d 1172 (Fla. 1st DCA 1980); Tallahassee Coca Cola Bottling Co. v. Parramore, 395 So.2d 275, 276 (Fla. 1st DCA 1981). The competent medical evidence in this case clearly demonstrates that claimant's bypass surgery and disability related thereto were caused by pre-existing severe and symptomatic congestive heart disease, and that claimant's October 6, 1979 angina was nothing more than a transitory manifestation of the underlying disease, which resolved itself without residual effect on claimant's heart condition. Here, unlike the situation presented in Nationwide Utilities, Inc. v. Hord, IRC Order 2-3746 (March 23, 1979), cert. den. 381 So.2d 768 (Fla. 1980), there was no evidence that claimant's heart condition was rendered unstable or was otherwise aggravated by the angina.
We are aware that under the rule of Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 *395 (Fla. 1962), a simple anginal episode without sequelae will nevertheless be compensable if the anginal episode itself causes disability or necessitates medical treatment. Sears Roebuck & Co. v. Weston, IRC Order 2-3730 (March 8, 1979). Here, the evidence shows that claimant entered American Hospital for diagnostic studies based on his doctor's recommendation made prior to the date of the alleged industrial accident. Under these circumstances, it cannot be said that the medical treatment and disability which commenced on October 8, 1979 resulted from the anginal episode of October 6, 1979. The order is REVERSED.
LARRY G. SMITH and JOANOS, JJ., concur.