ROBERT P. SMITH, Jr., Chief Judge.
The serial hearing before the deputy, with belated depositions shifting the issues tried, resulted in an order crediting the opinion of an osteopathic physician who did not see claimant until six months after the end of her treatment by two orthopedists who declared her fit in July 1980 and by a chiropractor who thought she was nearly so. The osteopath opined that claimant was temporarily and totally disabled at the time of his examination, in January 1981. We confirm the deputy’s entitlement to credit the osteopathic opinion, and so affirm the benefits awarded from January 1981 onward, but there is no evidence whatever that between July 1980 and January 1981 claimant, who conducted no employment search, was totally impaired. E.g., Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). The deputy’s finding of total disability in that period was not a legitimate inference, given the antecedent medical opinions which the deputy neither rejected nor reconciled to his findings, but was instead arbitrary speculation. Cf. Oriente Express Inn v. Rodriguez, 406 So.2d 55 (Fla. 1st DCA 1981).
We find no error in the award of chiropractic fees. The deputy’s award of attorney’s fees was wholly unwarranted, there being no claim and no evidence of bad faith handling of the claim by the carrier. Nor was there any other basis for a fee award under section 440.34(2), Florida Statutes (1979).
The award for total disability in the time-frame of July 1980 to January 1981 is REVERSED. The award of attorney’s fee is REVERSED and that claim, or potential claim, is dismissed with prejudice. The award is otherwise AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.