THOMPSON, Judge.
The employer/servicing division (E/SD) appeal an order of the deputy commissioner (deputy) awarding claimant temporary total disability (TTD) from January 7, 1981, and continuing until the end of this class of disability. The E/SD contend the deputy erred in awarding claimant TTD for that period. We reverse in part and affirm in part.
The claimant sustained a compensable accident to his back on January 22,1980. The E/SD paid TTD benefits from January 31, 1980 through January 7,1981, and accepted a 10% permanent partial disability (PPD) rating.
Prior to January 7, 1981, the claimant was told by his attending physician, Dr. Diaz, that he could return to a sedentary job in which he could periodically get up and move around. Dr. Diaz said that claimant should not lift over 10 to 15 pounds, and should not sit nor stand in one position for more than 20 to 30 minutes. When Dr. Ford saw claimant on February 9, 1981, he also felt claimant could return to some clerical or administrative type job. Therefore, according to the medical evidence the claimant was capable of limited work from January 7, 1981 to May 29, 1981. However, the claimant did not make an adequate job search from the time he was told he could return to limited employment until May 29, 1981, when his then treating physician, Dr. Ford, said he was unable to work. In the absence of a conscientious work search, the claimant’s complaint that he did not feel capable of working is not a sufficient basis to award TTD benefits during this period. Tallahassee Coca Cola Bottling Co. v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981); Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981).
There is competent substantial evidence to support the deputy’s award of TTD from May 29, 1981, and continuing to the end of that class of disability. We find no error in the award of penalties and interest on the TTD benefits affirmed, and in the reservation of jurisdiction for the purpose of determining entitlement to attorney’s fees and costs.
The award of TTD from January 7, 1981 to May 29, 1981, is reversed, otherwise the order appealed from is affirmed.
BOOTH, J., concurs.
WENTWORTH, J., dissents.