THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order awarding claimant temporary partial disability (TPD) benefits from September 8, 1981 to December 2, 1981, plus interest; temporary total disability (TTD) benefits from December 2, 1981, and continuing, plus interest; the outstanding medical bills of Dr. Holmes; and costs and the expert witness fee of Dr. Holmes. We affirm in part and reverse in part.
Claimant suffered a compensable injury on May 22,1981. He first went to a private clinic but was subsequently referred to Dr. Holmes, an orthopedist. When Dr. Holmes examined claimant on June 2, 1981, he found the claimant had sustained a sprained neck and said he was not able to work at that time. Claimant ceased working about a week after the accident and was paid TTD benefits from June 2 to September 8, 1981.
The claimant was examined by Dr. Cohen, an orthopedic surgeon, on September 8, 1981, and he was of the opinion that the claimant could engage in his full work activities. He was seen by Dr. Holmes on September 9, 1981, and Dr. Holmes recommended that the claimant return to his former occupation of truck driving. The day after Dr. Holmes released him to work, the claimant went to his employer in search of a job but was told to come back the next week. He returned to work on September 17 at the same job and at the same or more pay than he had prior to the injury and continued to work until he was terminated by the employer on or about December 3, 1981.
The award of TPD from September 18,1981 to December 2,1981, plus interest is reversed. It is uncontroverted that the claimant was working at the same job and at the same pay as he had prior to the injury. He therefore cannot be entitled to any wage loss benefits for that period of time since there was no loss of wages and it is error for the deputy to award TPD for a period that the evidence shows no wage loss. We affirm the award of TPD benefits from September 8 to September 16 because claimant sought employment promptly after being advised he could return to work at his former occupation and did return to work with his former employer as soon as they would rehire him.
We reverse the award of TTD and interest from December 2 and continuing. The medical evidence of both doctors clearly shows that the claimant was able to return to work without limitation at his former job and there is no substantial competent evidence whatsoever of any work search made by the claimant after he was terminated by his employer. Where there is medical evidence showing that the claimant is able to work, he is required to make a conscientious effort to return to work before he can establish that he is unable to work and is entitled to TTD. Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981); Tallahassee Coca Cola Bottling Co. v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981). This reversal is without prejudice to the claimant’s right -to claim wage loss benefits, if any, before or after MMI, upon proof of an adequate work search.
The award of Dr. Holmes’ bill and costs is affirmed. See Sunland Hospital v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982).
Affirmed in part and reversed in part.
BOOTH, J., concurs.
WENTWORTH, J., dissents.