426 So.2d 1265 (1983)
SUN 'N LAKE INN, INC. and The Home Insurance Companies, Appellants,
v.
Jennifer Underwood FOLSOM, Appellee.
No. AM-167.
District Court of Appeal of Florida, First District.
February 14, 1983.
Richard H. Weisberg, of Cooper & Rissman, P.A., Orlando, for appellants.
John D. Kaylor, Winter Haven, for appellee.
SHIVERS, Judge.
In this workers' compensation case the employer/carrier appeals the final order of the deputy commissioner which awards temporary total disability (TTD) benefits to claimant Folsom. The employer/carrier argues that there is no competent substantial evidence to support the award of TTD benefits for the period from November 15, 1980, until March 21, 1982, due to a dearth of medical evidence. We disagree and affirm.
Appellee is a 23 year old, 85 pound woman. She has an eighth grade education and employment experience as a bulb picker and busperson. She was employed as a part-time busperson by appellant, Sun 'n Lake Inn on August 4, 1979, when she sustained a low back injury while lifting a tray full of dishes. Claimant came under the care of Dr. Massam, an orthopedic surgeon, who began conservative treatment of the claimant on November 20, 1979. Throughout the period of conservative treatment claimant continued to complain of severe pain. Claimant saw a chiropractor at her own expense but this treatment also failed to alleviate her pain. By March of 1980 Dr. Massam felt that claimant had run the gamut of all treatments as an outpatient. Claimant refused to be hospitalized to undergo intensified treatment, deciding to live with the pain instead. Dr. Massam's notes from March 20, 1980, state: "I think she has reached maximum medical improvement until such time as she becomes worse." Although claimant was released to work at that time, Dr. Massam testified on deposition in 1982 that he would have had no problem with claimant quitting work if it had aggravated her situation. In May of 1980 Dr. Massam prescribed a TENS unit, a stimulating device which can be worn by the patient. The TENS unit appeared to provide some relief to claimant but did not completely alleviate the pain.
Claimant did not see Dr. Massam again until December 19, 1980. In the interim, claimant had worked for one week at a *1266 Pizza Hut and for three months part-time in the Deli at a Publix Supermarket. Claimant quit her job at Publix on November 14, 1980, and testified that this was due to the pain in her back which increased if she stood for a long period of time. When claimant saw Dr. Massam in December 1980 and again in January 1981 she complained of increased pain. At that time Dr. Massam felt that the increased pain had something to do with the death of claimant's ex-husband. Claimant continued to receive medications from Dr. Massam at routine follow-up visits throughout 1981 and 1982, but claimant continued to complain of severe pain. At the follow-up visit on March 22, 1982, claimant complained of a symptom which led Dr. Massam to believe she might have a bulging disc. Based on this, Dr. Massam, for the first time, ordered a CAT scan done on claimant in an attempt to diagnose the problem. The CAT scan revealed that claimant suffers from a bulging central disc which will require surgery.
Dr. Massam now believes that claimant has not reached maximum medical improvement. Dr. Massam explained that this bulging disc was probably the result of the initial industrial accident because of the injury to muscles and ligaments around the disc. Since the scar tissue resulting from the injury is not as strong as the original ligament structure, a bulging disc can eventually result. Dr. Massam also felt that the disc condition may have been coming on for some lengthy period of time before it was found by the CAT scan. Based on the foregoing, the deputy commissioner awarded TTD benefits for the period from November 15, 1980, until March 21, 1982, and continuing.
The general rule concerning awards of TTD benefits is, as this court stated in Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981):
There must be competent substantial evidence showing that the claimant is unable to work before she is entitled to temporary total disability benefits... . Where there is no medical evidence that the claimant is unable to work, she is required to make a conscientious effort to return to work before she can establish that she is in fact unable to work. See Action Pool Builders, Inc. v. Grant, IRC Order 2-3743 (March 23, 1979); Mendivil v. Tampa Envelope Manufacturing Co., 233 So.2d 5 (Fla. 1970).
393 So.2d at 665. Appellant argues that in the instant case there is no medical evidence of claimant's inability to work until Dr. Massam suspected the bulging disc on March 22, 1982. The argument goes that claimant's complaints of increased pain, which date back to the termination of her job at Publix on November 14, 1980, cannot constitute competent substantial evidence upon which to base an award of TTD benefits without simultaneous medical evidence dating from that period of time. Appellant correctly points out several decisions of this court holding that the claimant's testimony of inability to work, standing alone, does not afford a basis of competent substantial evidence to support an award of TTD compensation. Cardinal Industries, Inc. v. Dawkins, 392 So.2d 368 (Fla. 1st DCA 1981); Southland Corp. v. Jones, 406 So.2d 1291 (Fla. 1st DCA 1981). The cases cited by appellants, however, involve situations where either no medical evidence supports the claimant's testimony, or the medical evidence conflicts with the claimant's testimony. Here it is clear from Dr. Massam's testimony that the bulging disc condition existed at some time prior to his discovery of it on the CAT scan in March of 1982. Although Dr. Massam's testimony is speculative as to when the bulging disc condition began, it certainly supports and corroborates the testimony of the claimant as to problems of increased pain which caused her to discontinue her employment with Publix in November of 1980. Additionally, Dr. Massam testified, albeit retrospectively, that he would not have had any problem with claimant quitting work if it aggravated her situation. He testified that he was not called upon at the time to prohibit her from working.
We conclude that the medical evidence obtained from Dr. Massam's testimony, taken together with the claimant's testimony *1267 which it corroborates, constitutes competent substantial evidence to support the decision of the finder of fact. Cf. Oriente Express Inn v. Rodriguez, 406 So.2d 55 (Fla. 1st DCA 1981). Accordingly, the final order below is AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.