THOMPSON, Judge.
Claimant appeals an order entered pursuant to his petition for modification. Claimant contends the deputy commissioner (deputy) erred in finding no change in his psychiatric condition and in finding he was bound by the August 14, 1980 order, which found claimant had no psychiatric impairment. The employer/carrier (E/C) filed a cross-appeal and contend that the deputy erred in finding that claimant’s neck complaints and disability were causally related to his compensable accident and in awarding medical treatment for the neck injury. We affirm the points raised on appeal and reverse those raised on cross-appeal.
In the initial August 14, 1980 order the deputy expressly found that the claimant had not sustained a psychiatric impairment as a result of his September 3, 1975 industrial accident. This order was' affirmed on appeal. See Muniz v. Glades County Sugar Growers, 405 So.2d 801 (Fla. 1st DCA 1981). In the order currently on appeal, which was entered approximately two years after the initial order, the deputy expressly found that there was no significant change in the claimant’s psychiatric condition since the June 26,1980 hearing and that the claimant had not suffered any change in condition due to any worsening of his physical or psychiatric problems. There is competent substantial evidence to support the deputy’s finding of no change in the claimant’s psychiatric condition that would warrant modification and the denial of modification based on a change in psychiatric condition or mistake of fact is affirmed.
In his order on the petition for modification the deputy found that the deputy who issued the initial August 14, 1980 order did consider that the neck injury was suffered by the claimant in this accident in awarding permanent disability benefits. In the order on appeal the deputy specifically found a causal connection between the claimant’s compensable accident and the “neck injury that he appears to have suffered.” We reverse these findings. There is no evidence to support the deputy’s finding that the neck injury was considered at the June 1980 hearing. Even if it was considered there is no evidence that there has been a change in condition that would warrant a modification concerning the neck injury because there is no evidence of the extent, if any, of a neck injury at the time of the initial hearing. There is also no evidence of any causal connection between claimant’s compensable accident and his alleged neck injury. The only record testimony regarding the relationship between the neck injury and the compensable accident was that of Dr. Brandon, an orthopedic surgeon, who said:
Well, frankly, I paid very little attention to his neck because he has not complained of it except sporadically, and his other reigning complaint has right along been his low back and lower extremity, pain problem. He has complaints from time to time apparently on his neck. Based on the date you suggest or you give, I suppose one has to presume a causal relationship between the neck and the injury.
The language used by Dr. Brandon to describe the relationship between the neck injury and the compensable accident is even more vague, speculative, and nebulous than the unacceptable language used by the doctors in Kashin v. Food Fair, 97 So.2d 609 (Fla.1957), and Newman Heating & Boiler Repair, Inc. v. Newman, 418 So.2d 1008 (Fla. 1st DCA 1982), pet. for rev. den., 429 So.2d 7 (Fla.1983). In Kashin, the doctor was of the opinion that the claimant “was suffering from a cardiac condition which was, in his opinion, probably brought on by the loss of blood and shock at the time of the original injury.” Id. at 611. In Newman, in response to a question of whether the claimant’s back pain was related to his knee problem, the claimant’s treating physician testified “I believe it could be.” Id. at 1009. When asked whether the claimant’s knee injury would have any effect on the claimant’s back the doctor responded “I think it certainly could, yes.” Id. at 1010. Kashin held that such a nebulous and speculative conclusion as to the causal relation *353 ship between the accident and the ultimate cardiac condition did not constitute competent substantial evidence that the industrial accident caused the cardiac condition. Newman held that the language used by the doctor concerning the relationship was more nebulous and speculative than the language in Kashin.
The language used by Dr. Brandon in this case is even more vague, nebulous, and speculative than the language used in either Kashin or Newman. Even if Dr. Brandon’s testimony as to causal relationship had been definite and positive it was based on hypothetical facts not in the record. The hypothetical posed to the doctor assumed that the claimant felt neck pain from his 1975 industrial accident and was treated for neck pain thereafter. These facts are not supported by the evidence. Therefore, even if Dr. Brandon’s testimony was sufficient to establish a causal relationship between the accident and the neck injury, his testimony would not be competent substantial evidence because it was based on erroneous assumptions and facts not supported by the evidence. See Dade Property Management, Inc. v. Lazo, 418 So.2d 393 (Fla. 1st DCA 1982), and D’Avila, Inc. v. Mesa, 381 So.2d 1172 (Fla. 1st DCA), pet. for rev. den., 389 So.2d 1113 (Fla. 1980). Accordingly, the finding that the neck complaints were causally connected to the industrial accident and the requirement that the E/C provide the claimant with treatment for the neck injury is reversed.
In all remaining respects the order, including the award of 52.5 additional weeks of permanent partial disability of the body as a whole, is affirmed.
Reversed in part and affirmed in part.
NIMMONS, J., concurs.
ERVIN, C.J., concurs in part and dissents in part.