449 So.2d 992 (1984)
George EVANS, Appellant,
v.
ORLANDO WORK FORCE and Liberty Mutual Insurance Company, Appellees.
No. AV-373.
District Court of Appeal of Florida, First District.
May 15, 1984.
R.W. Simmermon, Orlando, for appellant.
Edward H. Hurt, Jr., Orlando, for appellees.
WIGGINTON, Judge.
Appellant appeals the deputy commissioner's order denying his claim for temporary total disability benefits from June 10, 1982 through January 17, 1983. We reverse and remand.
Appellant, who is approximately fifty-one years old, does not have the use of his right arm due to a shooting accident that occurred twenty-seven years ago. His work experience has consisted of manual labor jobs that he could perform with his remaining good arm and hand. However, on January 29, 1982, he broke his left wrist in a work related accident.
Employer/carrier paid appellant temporary total disability benefits until June 10, 1982. He initially was treated by Dr. Shea, an orthopedist, whose reports were not admitted into evidence and whose deposition was not taken. According to appellant's testimony, in June, 1982, Dr. Shea released him to return to work without restrictions, telling him that he did not have any further treatment to offer him. Appellant testified that he continued to suffer pain and his *993 arm remained swollen to the extent that he was unable to seek work, especially since he did not have another usable arm. He did not return to Dr. Shea until January, 1983, because he was unable to pay the medical bill and believed that since he was no longer receiving benefits, he was not entitled to medical treatment at employer/carrier's expense. In January, 1983, Dr. Shea performed surgery on appellant's hand to release certain tendons that had been pinned down by scar tissue due to the injury, a procedure referred to as releasing the DeQuervains.
In June, 1983, Dr. Shea referred appellant to Dr. Tucker, an orthopedist, who treated appellant through September, 1983. According to Dr. Tucker's testimony and report in the record, at the time he saw appellant, appellant had a "healed fractured radius," but apparently he had developed a "sympathetic dystrophy" of his left hand. The doctor explained that sympathetic dystrophy is a progressive condition in which the body's compensation mechanism, rather than being of assistance in healing an injury, actually causes demineralization of the extremity, and the area feels alternately hot and cold. He went on to say that a patient with that condition tends not to use his limb because it hurts, but the less the limb is used the worse it becomes. He stated that sympathetic dystrophy usually begins to occur about six weeks after an injury. He believed that it occurred in appellant while Dr. Shea was treating him. He felt that appellant's complaints of pain throughout the previous year were real. He performed a second DeQuervains release on appellant in August, 1983, since rescarring had occurred due to the sympathetic dystrophy condition. At the time he saw appellant, he was of the opinion that appellant had serious physical limitations due to his wrist condition, but he thought appellant could begin to do light work and gradually he would improve.
The testimony of Dr. Tucker and appellant was unrefuted. On the basis of the evidence as related above, in his order, the deputy commissioner merely made the general statement that he found no competent substantial evidence in the record to support the claim for temporary total disability benefits for the period of June 10, 1982, through January 17, 1983, and therefore he denied the claim.
In Mobley v. Fulford Van & Storage, 390 So.2d 426 (Fla. 1st DCA 1980), we observed that:
It is the function of the order to provide at least an outline of the essential facts pointing toward the decision ultimately reached by the deputy commissioner.
Rule 8(b), Florida Workers' Compensation Rules of Procedure, provides:
The order of the deputy shall set forth findings of fact, conclusions of law and the deputy's determination of the claim or other ruling... .
The deputy commissioner's order in this case falls far short of the requirements of the above authorities and therefore must be remanded for compliance therewith.
The deputy's error is magnified by the fact that in this case the only evidence in the record supports appellant's position. Dr. Tucker's uncontradicted testimony established that, within reasonable medical probability, appellant was suffering from the sympathetic dystrophy condition due to his injury during the period from June 10, 1982, through January 17, 1983. Even though Dr. Tucker did not examine appellant during that period, his testimony is competent in that regard since he testified as to the progressive nature of the condition and considering that appellant's complaints of pain during that time both corroborated Dr. Tucker's opinion and were corroborated by Dr. Tucker's testimony. Compare Sun 'N Lake Inn, Inc. v. Folsom, 426 So.2d 1265 (Fla. 1st DCA 1983). In Sun 'N Lake, the claimant had injured her back but was finally released by her treating physician to return to some type of work. According to her testimony, although she did make some effort to maintain a job, she was unable to continue to work due to her back pain. Finally, over a year later, her treating physician determined that she in fact was suffering a *994 bulging disc, that occurred as a result of her compensable injury. According to the opinion, the treating physician testified that the bulging disc condition "existed at some time prior to his discovery of it." He was speculative as to when the condition began. This Court affirmed the deputy commissioner's award of temporary total disability benefits to the claimant despite the employer/carrier's argument on appeal that the claimant's testimony of her inability to work, standing alone, without simultaneous medical evidence dating from that period of time when she quit her job could not constitute competent substantial evidence upon which to base the award. The court concluded that the claimant's testimony considered together with the corroborating medical evidence, constituted competent substantial evidence to support the deputy commissioner's decision. Compare also Square G. Construction Company v. Grace, 412 So.2d 397 (Fla. 1st DCA 1982).
In the instant case, appellant's complaints of debilitating pain during the period in question were consistent with and were corroborated by Dr. Tucker's unrefuted medical testimony. In light of Sun 'N Lake and Square G. Construction Company, it appears and we conclude that appellant did present adequate, uncontradicted competent substantial evidence to support his claim. Since the record contains no evidence to the contrary and since the deputy commissioner's order denying the claim failed to set forth any findings upon which his conclusion was based, we reverse and remand to the deputy commissioner for entry of an order consistent with this opinion.
REVERSED and REMANDED.
MILLS and SHIVERS, JJ., concur.