PER CURIAM.
This cause is before us on appeal from a workers’ compensation order which awards claimant temporary total disability benefits for the period of August 29, 1983, through September 7, 1983, but denies benefits *92 from August 19, 1983, through August 29, 1983, and subsequent to September 7, 1983.
Claimant injured his back while changing a flat tire on August 17, 1983. On August 19, claimant was seen by his family physician, put on medication, and referred to Dr. Sciaretta, an orthopedic surgeon. On August 29, Dr. Sciaretta examined claimant and diagnosed him as having lumbar disc syndrome with sciatic nerve involvement, and recommended a myelogram. At this time, the doctor advised claimant to stay out of work an additional week and lie recumbent. At the next appointment, on September 7, no mention of returning to work was made. On October 18, claimant was advised by his doctor to seek a change of occupation.
Claimant claimed temporary total disability benefits from August 17, 1983, the date of the accident, to February 15, 1984, the date of the hearing. Benefits from August 17 through August 29 were denied because the deputy found claimant “did not undergo any medical care until August 29,1983.” Benefits after September 7, 1983, were denied because the deputy concluded, based on Dr. Sciaretta’s testimony, that the claimant was able to work at that time, and claimant failed to perform any job search.
Although there is evidence that claimant was probably able to work as of September 7, 1983, he was not released by his doctor to return to work, nor did claimant know he could return to work. In Fulmer-Orlando v. Taylor, 419 So.2d 734, 735 (Fla. 1st DCA 1982), this court held:
Even assuming direct retrospective testimony that claimant was able to undertake some light employment as early as October of 1980, a reversal of benefits here cannot logically rest on his failure to seek work in the absence of any evidence that he knew or should have known that he was released for that purpose.
Therefore, the denial of temporary total disability benefits based on an inadequate job search from September 7, 1983, through October 18, 1983, is reversed.
The denial of benefits subsequent to October 18, 1983, is affirmed. At that time, claimant was advised by his doctor to seek a new occupation. Claimant’s failure to make any job seárch precludes recovery after the date on which he was advised to seek work.
There is no competent, substantial evidence to support a finding that claimant was able to work from August 17 through 29 of 1983. The only evidence in the record indicates claimant was unable to work at that time. As the deputy found, claimant received medical care on August 19, two days after the accident, and was put on medication and referred to an orthopedic surgeon. When seen by an orthopedic surgeon ten days later, claimant was kept out of work even longer. The denial of benefits from August 17 through 29 is therefore reversed. Sun ’n Lakes Inn, Inc. v. Folsom, 426 So.2d 1265 (Fla. 1st DCA 1983).
Accordingly, the order below is affirmed in part, reversed in part, and the cause remanded for proceedings consistent herewith.
ERVIN, C.J., and BOOTH and THOMPSON, JJ., concur.