579 So.2d 146 (1991)
Gladys CROFT, Appellant,
v.
DONNA JEAN PACKING COMPANY and Fireman's Fund Insurance, Appellees.
No. 90-00358.
District Court of Appeal of Florida, First District.
March 29, 1991.
*147 David L. Kahn of David L. Kahn, P.A., Fort Lauderdale, for appellant.
Eugene N. Betts of Eugene N. Betts, P.A., Fort Lauderdale, for appellees.
BOOTH, Judge.
This cause is before us on appeal from the Judge of Compensation Claims order denying temporary total disability benefits for the periods January 19, 1989 through January 31, 1989, and March 13, 1989 forward.
Claimant was injured in a work-related, slip-and-fall accident on December 4, 1978. As a result of that accident, claimant has undergone numerous knee operations and been placed under the care of Dr. Terrence Barry. She continued working sporadically until January 19, 1989, when significant back pain caused her to seek medical care from Dr. Barry, who diagnosed a possible back problem. Dr. Barry referred claimant to Dr. Johns, a neurosurgeon, who on February 1, 1989, diagnosed lumbar radiculitis secondary to "HNP [herniated nucleus pulposus] L4-5," posterior joint syndrome, and lumbar degenerative joint and disc disease. Dr. Johns testified that claimant could not work from February 1, 1989 through March 13, 1989. Both doctors causally related claimant's back injury to the work-related accident.
On March 13, 1989, Dr. Johns rediagnosed claimant and found that the signs of lumbar radiculitis were not present. Furthermore, Dr. Johns testified that claimant could have returned to work on a light-duty basis. However, at no time was claimant informed that she could return to work. The employer and carrier (E/C) agree that claimant was temporarily totally disabled for the period February 1, 1989 through March 13, 1989, but dispute the January 19 to February 1 period and after March 13. The judge of compensation claims denied temporary total disability for the periods in question.
Generally, there must be competent, substantial evidence showing that the claimant is unable to work before she is entitled to temporary total disability benefits. Where there is no medical evidence that the claimant is unable to work, she is required to make a conscientious effort to return to work before she can establish that she is in fact unable to work. Sun 'N Lake Inn, Inc. v. Folsom, 426 So.2d 1265 (Fla. 1st DCA 1983).
*148 Here, claimant's increased pain caused her to stop work and seek medical treatment on January 19. On that date, she was diagnosed as having a possible back condition and was referred to a specialist. Two weeks later, on February 1, she was able to see the specialist, who confirmed a back condition and recommended she stop work. It would be unreasonable to assume that she should have worked during the interim period prior to the final diagnosis and stop-work prescription of February 1. Thus, appellant's increased pain, which caused her to discontinue her employment on January 19, 1989, was consistent with the diagnosis of Drs. Johns and Barry, whose testimony was uncontradicted. Competent, substantial evidence supports an award of temporary total disability for the period January 19 through January 31, 1989. See Sun 'N Lake Inn, Inc. v. Folsom, supra, and also Evans v. Orlando Work Force, 449 So.2d 992 (Fla. 1st DCA 1984).
As to the period following March 13, 1989, Dr. Johns testified that claimant could have returned to work. However, the record reveals that no one informed claimant that she was released to return to work nor was it clear that claimant should have known she was released for that purpose. Therefore, claimant cannot be denied TTD benefits for the period following March 13, 1989. Fulmer-Orlando v. Taylor, 419 So.2d 734 (Fla. 1st DCA 1982); Davis v. Phillips & Jordan, 483 So.2d 534 (Fla. 1st DCA 1986).
Accordingly, we reverse and remand to the judge of compensation claims for determination of entitlement to temporary total disability benefits consistent with this opinion.
MINER, J., and WENTWORTH, Senior Judge, concur.