388 So.2d 1376 (1980)
CITY OF WINTER PARK and Iowa National Mutual Insurance Company, Appellants,
v.
William BOWEN, Appellee.
No. QQ-410.
District Court of Appeal of Florida, First District.
October 17, 1980.
*1377 Bernard J. Zimmerman, of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Edward H. Hurt and Donna L. Bergh, Orlando, for appellee.
PER CURIAM.
We affirm the order of the judge of industrial claims finding the claimant-appellee permanently and totally disabled, and awarding attorney's fees to claimant's attorney.
In May, 1976, appellee suffered an industrial accident when he was attacked by a co-worker with a ballpeen hammer, sustaining injuries to his face, chest, low back and stomach. He was seen by a succession of doctors including orthopedists, psychiatrists, and a chiropractor. Based upon the medical and psychiatric evidence, and the testimony of a certified vocational expert, the judge of industrial claims found the claimant to be permanently and totally disabled. We find no error in this award. When there has been a physical accident or trauma and the claimant's disability is increased or prolonged by traumatic neurosis or hysterical paralysis, the full disability including the effects of the neurosis is compensable. 1B Larson's Workmen's Compensation Law § 42.22 (1952), Superior Mill Work v. Gabel, 89 So.2d 794 (Fla. 1956). We find that the factors stated in Walker v. Electronic Products and Engineering Company, 248 So.2d 161 (Fla. 1971), were fully considered and that the award of permanent total disability is supported by competent substantial evidence.
Appellants contend, however, that even if the award of permanent total disability is sustained, the order contains error in that it provides for permanent total disability benefits from the date of the accident, without consideration of the date of maximum medical improvement. We agree this was error. See Saga Food Services, Inc. v. Piscopo, IRC Order 2-2934 (March 12, 1976); City of Miami v. Wright, 380 So.2d 555 (Fla. 1st DCA 1980). Here there was evidence of curative treatment and an obvious period of recuperation during which the claimant was either totally or partially disabled. We therefore remand for the purpose of allowing the deputy commissioner to determine the date of maximum medical improvement, and to modify his order with respect to the commencement of payment of permanent total disability benefits.
The order is affirmed in part, reversed in part.
ROBERT P. SMITH, Jr., LARRY G. SMITH and WENTWORTH, JJ., concur.