PER CURIAM.
The employer/carrier seek reversal of a worker’s compensation order awarding *536 the claimant temporary total disability, finding that he had not reached maximum medical improvement as of the date of the hearing, and ordering further medical treatment. The E/C rely upon the testimony of Dr. DeWeese that as of August 22, 1979, the claimant was suitable for release without further treatment. However, the Deputy Commissioner accepted and relied upon the testimony of Dr. Maniscalco, a highly respected neurosurgeon, who last saw the claimant on October 17, 1979 as “more persuasive and more consistent with the facts in the case,” than the testimony of Dr. DeWeese. In accordance with the testimony of Dr. Maniscalco, the Deputy Commissioner found that claimant suffered an aggravation of a preexisting condition of his neck, shoulder and arm which stemmed from earlier industrial accidents. We conclude that the testimony of Dr. Maniscalco, coupled with the testimony of the claimant himself as to his physical condition, was sufficient to justify the award of temporary total disability, notwithstanding Dr. Manis-calco’s testimony by deposition on March 14, 1980, a few days prior to the hearing, that he could not tell if the claimant was disabled on that date without seeing him. The claimant testified that he tried but was unable to do small jobs around the house because of pain. He started the job of screening in a carport, and had been working on it for six months, but was still not finished. Further, although Dr. Maniscalco scheduled him for a myelogram, this was not done because of E/C would not pay for it. The claimant further testified that Dr. Maniscalco told him not to go back to work until he was in better physical condition. We distinguish this case from Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981), and Tallahassee Coca Cola Bottling Company v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981), since in those cases there was no medical evidence that the claimant was unable to work, nor was there evidence, as here, of the claimant’s unsatisfactory attempts to perform small jobs at home in the interim after being found temporarily totally disabled by his physician and instructed not to return to work until his physical condition improved.
 However, we agree with the E/C’s contention that it was error to award temporary total disability until the claimant reached maximum medical improvement. Accordingly, we amend the order to provide that temporary total disability benefits should continue until the claimant achieves MMI or is able to return to work. A claimant need not have reached MMI to cease being eligible for temporary total disability benefits. Fowler Harvesting v. Thompson, 394 So.2d 1086 (Fla. 1st DCA 1981).
McCORD, LARRY G. SMITH, JJ., and LILES, WOODIE A. (Retired), Associate Judge, concur.