PER CURIAM.
Claimant appeals a workers’ compensation order which denied a claim for wage-loss benefits upon a finding that “there has been no compliance with the requirements of the statutes 440.19(1), 440.185(10), and 440.15(3)(b).” Claimant contends that the finding of non-compliance is not supported by material record evidence and should not preclude an otherwise valid wage-loss claim in the circumstances of this case. We agree and reverse the order appealed.
On the point in question the order contains recitations as follows, without other explanation of the apparently complex history of the claim:
*809 A prior Order was entered by the undersigned on June 13, 1980....
The claim for temporary total disability benefits from May 11,1980 to the present time, is denied since the employee reached maximum medical improvement March 14, 1980. (see paragraph 7 of Order dated 6/13/80)....
The claim for wage loss benefits is denied since there has been no compliance with the requirements of the Statute 440.19(1), 440.185(1) and 440.15(3)(b). . . .
Claimant made an initial wage-loss report on August 12, 1980, alleging wage loss between the dates of May 11,1980, and July 16, 1980. Section 440.185(10), Florida Statutes, requires a wage-loss report “within 30 days after the termination of the month for which such loss is claimed.” Claimant’s report was thus timely filed insofar as the claim related to the month of July. As to that portion of the claim which related to May and June, while the report was untimely filed, neither § 440.185(10), nor any other provision of Chapter 440, indicates that such untimely reporting must bar an otherwise valid claim. Employer/carrier has not alleged, and the record does not indicate, any prejudice resulting from the untimely reporting in this case. We conclude that, in these circumstances, wage-loss benefits were not properly denied merely because wage-loss reports were delayed. See generally, Gall Silica Mining Co. v. Sheffield, 401 So.2d 1169 (Fla. 1st DCA 1981).
As to the deputy’s other findings of statutory non-compliance, § 440.19(1) relates to the investigative responsibility of the Division of Workers’ Compensation, and § 440.15(3)(b) relates to wage-loss computation and eligibility. The record evidence does not indicate any non-compliance by claimant with these provisions, nor any prejudice to those activities resulting from the delay.
Accordingly, the order appealed is reversed and remanded for further proceedings.
ERVIN, WENTWORTH and JOANOS, JJ., concur.