THOMPSON, Judge.
The employer/carrier (E/C) challenge a workers’ compensation order, contending in part that the deputy commissioner (deputy) erred by awarding claimant a 10% permanent partial disability (PPD) rating when *630 5% was the greatest anatomical disability rating given the claimant by an examining or treating physician. We agree and reverse.
The claimant was involved in a compen-sable vehicular accident on January 12, 1978. In addition to filing a workers’ compensation claim for PPD benefits,, the claimant filed a civil suit against the third party tortfeasor involved in the vehicular accident.
Dr. Goldsmith, a psychologist, gave the claimant a 5% PPD rating for the body as a whole. After Dr. Wallace, an orthopedic surgeon, also gave the claimant a 5% PPD rating, the E/C accepted the 5% PPD rating and commenced payment of these benefits. Subsequently, claimant’s motion to voluntarily dismiss his workers’ compensation claim was granted without prejudice over the objection of the E/C.
The claimant’s lawsuit against the third party tortfeasor was settled and the E/C’s § 440.39, Fla.Stat. lien was satisfied. The claimant then refiled a claim for additional PPD benefits. The deputy concluded that the claimant’s headaches had interfered with his “life style and his work activities more than contemplated by Dr. Wallace and Dr. Goldsmith when they gave their ratings in 1979.” Based on his experience with people having 5% and 10% disability ratings, the deputy observed that claimant’s condition more closely resembled that of persons having a 10% disability than of those having a 5% disability. Although the deputy found that the claimant had sustained a 10% permanent physical impairment of the body as a whole, he further found: “He has sustained no wage earning impairment as a result of the industrial accident.” (e.s.)
Subsection 440.15(3)(u), Fla.Stat. (1977) which was in effect at the time the claimant sustained his accident provides:
Other cases: In all other cases in this class of disability the compensation shall be 60 percent of the injured employee’s average weekly wage for such number of weeks as the injured employee’s percentage of disability is of 350 weeks; provided, however, that for the purpose of this paragraph “disability” means either physical impairment or diminution of wage-earning capacity, whichever is greater. (e.s.)
The deputy specifically found that there was no diminution of wage-earning capacity. Therefore, the PPD rating must be based only upon the anatomical impairment sustained. City of Tampa v. Morales, 384 So.2d 911 (Fla. 1st DCA 1980). The deputy erred in awarding 10% PPD since 5% was the greatest physical impairment rating given the claimant by an examining or treating physician.
Accordingly, the order appealed is amended so as to award compensation for a 5% PPD and, as amended, is AFFIRMED.
MILLS, J., concurs.
WENTWORTH, J., dissents.