413 So.2d 1265 (1982)
SPRING AIR MATTRESS COMPANY a/k/a Tiffany Furniture Ind. and Liberty Mutual Ins. CO., Appellants,
v.
Celine J. COX, Appellee.
No. AE-87.
District Court of Appeal of Florida, First District.
May 14, 1982.
*1266 Donna L. Bergh of Walker, Buckmaster, Miller & Ketcham, Orlando, for appellants.
Scott H. Michaud of Meyers, Mooney, Adler & Hammond, Orlando, for appellee.
PER CURIAM.
In this workers' compensation appeal, involving a claim seeking wage-loss benefits, we are called upon to determine whether the deputy erred in finding that the claimant sustained a permanent physical impairment without express reference to the American Medical Association's Guides to the Evaluation of Permanent Impairment (1977) ("Guides"), and, if not, whether that finding is adequately supported by the evidence of claimant's subjective complaints of pain to her physician. We affirm, and also set out the proper method for awarding appellate attorney's fees when the deputy has reserved jurisdiction to determine the propriety of a fee award but has not reached a determination as required by § 440.34(2), Florida Statutes (1979).
The industrial injury in this case stems from an incident in which claimant suffered immediate and severe pain in her right wrist while cutting a foam mattress with a heavy pair of scissors. Her condition, diagnosed as carpal tunnel syndrome, eventually required her to undergo surgery. Dr. Gilmer rated claimant as 5% permanently, partially disabled, stating that a permanent impairment rating based on the claimant's subjective pain complaints was entirely consistent with the requirements of Chapter 2 of the Guides.
The fact that Dr. Gilmer's testimony was based on the Guides and stemmed from his long-term treatment of the claimant as the primary treating physician makes it apparent why the deputy relied on testimony from him instead of a conflicting expert. That the deputy failed to use the magic words "based on the A.M.A. Guides" in finding a permanent physical impairment of the claimant therefore provides no grounds for relief because it is readily apparent from the record that the claimant's permanent physical impairment rating complies with the Guides. Cf., Rouse v. Wyldwood Tropical Nursery, 392 So.2d 370 (Fla. 1st DCA 1981).
As to appellant's second contention concerning the diagnosis of a permanent impairment by Dr. Gilmer based on the claimant's subjective complaints of pain, we find that this diagnosis falls within the parameters of Chapter 2 of the Guides. The evaluation method in this chapter requires a physician to determine the extent of loss of function due to: (a) sensory deficit, pain or discomfort and (b) loss of muscle strength. Guides, supra, at 49 (e.s.). This chapter of the Guides cites three carefully defined factors for evaluation of pain associated with nerve disorders. Id. at 49-50. It notes that "subjective complaints of pain which cannot be substantiated along these lines are not considered within the scope of this guide." Id., at 50. Implicit in this statement is the fact that subjective pain complaints which can be substantiated along the foregoing lines are considered within the scope of this portion of the Guides. Decks, Inc. of Florida v. Wright, 389 So.2d 1074, 1076 (Fla. 1st DCA 1980); see also Scotty's, Inc. v. Jones, 393 So.2d 657 (Fla. 1st DCA 1981). Gilmer's testimony and that of claimant reveals evidence satisfying all three pain evaluation requirements, and a loss of muscle strength as required by Chapter 2 of the Guides.
In reaching this conclusion we have not overlooked our previous opinion in Decor Painting and Iowa Mutual Insurance Co. v. Rohn, 401 So.2d 899 (Fla. 1st DCA 1981). The deputy commissioner there accepted a doctor's permanent impairment rating based in part on the Guides and in part on the claimant's subjective complaints of pain. We reversed this determination, because the doctor's consideration of the claimant's pain complaints went beyond the ankylosis tables in the Guides that were used for rating permanent impairment to the ankle joint. Id. at 901. We distinguish Rohn from the case before us, because the section of the Guides relevant to evaluating permanent impairment in this case requires *1267 the consideration of complaints of pain, insofar as the pain interferes with a claimant's daily life, follows the dermatome distribution, and manifests itself in such a manner as to indicate that it is caused by some form of impairment to the peripheral spinal nerves. Thus, consideration of the claimant's subjective complaints of pain by Dr. Gilmer in reaching his diagnosis of permanent impairment was not only consistent with Chapter 2 of the Guides, it was required.
In rendering his order, the deputy commissioner noted that the claimant requested payment of attorney's fees based on a bad faith refusal by the employer/carrier to properly pay benefits to which she was entitled. See § 440.34(2)(b), Florida Statutes (1979). The deputy reserved jurisdiction to conduct a separate hearing on the factual issue of bad faith. Seeking payment of her attorney's fees on appeal, the claimant has once again alleged bad faith. If the employer/carrier is found by the deputy to be liable for fees in the proceedings below, the claimant is also entitled to fees on appeal. § 59.46(1), Florida Statutes (1977). The proper method to handle this problem is for this court to provisionally award fees contingent upon the deputy commissioner's determination of bad faith on the part of the employer/carrier. If the deputy commissioner makes a finding of bad faith, the provisional grant of appellate attorney's fees automatically becomes effective.
Therefore, we affirm the deputy commissioner's finding of permanent physical impairment and dispose of the appellate attorney's fee petition by unpublished order.
ERVIN, SHIVERS and WENTWORTH, JJ., concur.