418 So.2d 413 (1982)
John RACZ, Appellant,
v.
CHENNAULT, INC. and R.P. Hewitt and Associates of Florida, Inc., Appellees.
No. AG-359.
District Court of Appeal of Florida, First District.
August 19, 1982.
David W. Miner, Bradenton, for appellant.
David M. Mitchell of Harkavy, Moxley, Mitchell & Stewart, Sarasota, for appellees.
PER CURIAM.
This cause is before us on appeal by claimant from a workers' compensation order awarding certain medical expenses but denying all additional temporary and permanent *414 compensation benefits. Claimant contends that the deputy erred in denying temporary total disability benefits prior to his May 26, 1981 maximum medical improvement date and in denying permanent benefits on grounds the treating psychiatrist's testimony was not based on the American Medical Association's Guides to the Evaluation of Permanent Impairment. See Section 440.15(3)(a)(3), Florida Statutes. We agree and reverse.
Claimant Racz is a 57-year-old Hungarian immigrant who was employed as a laborer by appellee Chennault, Inc. Prior to his employment with appellee, Racz held two jobs simultaneously and had no apparent history of anatomical or psychiatric disability. On December 12, 1979, Racz sustained an industrial accident when he slipped while pulling the handle on a steel cutter and felt an immediate and severe lower back pain. When authorized chiropractic treatment failed to relieve Racz's pain, he was seen by Dr. Padar, an orthopedic surgeon, in February, 1980. Dr. Padar diagnosed moderately severe lumbar sprain but anticipated that Racz would be able to resume employment in four to six weeks with no permanent impairment.
However, Racz's pain failed to improve; and, on June 4, 1980, he began receiving treatment by a psychiatrist, Dr. Bellino, at a pain treatment clinic. Subsequent objective tests, including an electromyographic examination and a myelogram, were normal. Through a job lead supplied by the employer/carrier, Racz began working at an airport parking lot in November, 1980, taking tickets and inventorying cars. However, after four days, he discontinued this employment because of severe pain in his lower back and left hip, and made no further attempt to resume work through the date of the hearing. Dr. Bellino continued to render psychiatric treatment through August, 1980. By November 25, 1980, Dr. Padar felt that Raca had reached anatomical maximum medical improvement, apparently without any ratable anatomical impairment. On approximately December 1, 1980, the employer/carrier apparently informed Racz that he would be receiving no further compensation or medical treatment.
Between this date and May, 1981, Racz attempted to treat himself by performing various exercises suggested by Dr. Padar and by swimming. However, this therapy was unsuccessful, and Racz again sought psychiatric treatment on May 26, 1981. Following an examination on this date, Dr. Bellino felt that Racz was suffering from a psychogenic pain disorder or hysterical conversion neurosis and would remain 100 percent psychiatrically disabled. Dr. Bellino subsequently testified that this condition was "one hundred percent caused by [the] accident" and that "if he were not injured he would ... still have been working." He further stated that, while this diagnosis was largely predicated upon subjective complaints, "I have also seen what I consider to be objective manifestations of this man's pain [such as] his incapacity to function, his contortions of his body, his holding certain parts of his body, his limp, his dragging sometimes a part of his leg, his use of devices that are known to reduce pain, his sexual dysfunction, reports of his wife about his inability to do anything around the home and so on." However, Dr. Bellino stated that he was unfamiliar with and did not base his opinion on the AMA Guides.
In an order of August 28, 1981, the deputy found that Racz had reached maximum medical improvement on May 26, 1981, pursuant to Dr. Bellino's testimony, with no ratable anatomical impairment. The deputy denied temporary total disability benefits to this date on grounds there was no medical evidence of a physical inability to work and no sufficient work search. Citing this court's opinion in Decor Painting v. Rohn, 401 So.2d 899 (Fla. 1st DCA 1981), the deputy further denied all permanent total impairment and wage loss benefits because no ratable anatomical impairment had been assigned pursuant to the AMA tables as required by Section 440.15(3)(a)(3), Florida Statutes.
On appeal, Racz urges that the deputy erred in disregarding unrefuted evidence that he was permanently and totally *415 psychiatrically and functionally impaired, simply because the medical testimony was not based on the AMA Guides. We agree and reverse the denial of all permanent benefits on this ground. Subsequent to the entry of the order below, this court has held that a physician's failure to apply the AMA tables renders the evaluation incompetent only as to the amount of disability, not to the fact that some permanent disability exists. Deinema v. Pierpoint Condominiums, 415 So.2d 811 (Fla. 1st DCA, 1982). Chapter XIII of the AMA tables sets forth criteria for evaluating permanent impairment due to psychoneuroses, including conversion or hysterical reactions such as Racz's condition. Guides to the Evaluation of Permanent Impairment at 149 (AMA 1977). Therefore, on remand, the deputy may, within his informed discretion, accept a revised medical report from Dr. Bellino translating his original medical finding into a new rating through the use of the AMA tables. Deinema v. Pierpoint Condominiums, supra.
The deputy also correctly noted in his order that Racz failed to file wage loss forms within the time specified in Section 440.185(10), Florida Statutes. However, we have held that such "untimely filing of wage loss forms does not require a denial of such benefits unless the employer/carrier has been prejudiced because of the untimeliness." Deinema v. Pierpoint Condominiums, supra, citing Stahl v. Mike Gordon's Seafood Restaurant, 408 So.2d 808 (Fla. 1st DCA 1982).
The employer/carrier also urges affirmance of the order below on grounds "physical" as opposed to merely "psychiatric" impairment is essential for an award of permanent total disability pursuant to Section 440.15(1)(b), Florida Statutes. However, it is well settled that, where there has been a physical accident and claimant's disability is increased or prolonged by traumatic neurosis or conversion hysteria, the claimant's full disability, including the effects of the neurosis, is compensable. See, e.g., City of Winter Park v. Bowen, 388 So.2d 1376, 1377 (Fla. 1st DCA 1977); Larson's Workmen's Compensation Law § 42.22. Since the AMA Guides also include criteria for assigning permanent impairment based on psychiatric or mental illness, this contention is without merit.
The deputy also erred in denying temporary total disability benefits between November 25, 1980 and the date of maximum medical improvement on grounds there was insufficient evidence of inability to work or a work search. Dr. Bellino's uncontroverted testimony was that, "[b]ecause of the pain this man experiences, he is unable to do the lightest or minimal kind of work or vocational activity." Dr. Bellino further stated that, based upon the medical records and his own observations, Racz's total inability to work had not changed between August, 1980 and August, 1981. See Oriente Express Inn v. Rodriguez, 406 So.2d 55 (Fla. 1st DCA 1981). In light of this medical evidence of claimant's total inability to work, the deputy's requirement of a work search as a prerequisite to temporary total disability benefits was erroneous. See Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981); Sims Crane Service v. King, 400 So.2d 535 (Fla. 1st DCA 1981).
The order below is reversed and remanded for proceedings in accordance with this opinion.
BOOTH and WIGGINTON, JJ., concur.
WENTWORTH, J., specially concurs with written opinion.
WENTWORTH, Judge, concurring.
I agree with the disposition of the appeal by the majority except on a minor point with respect to the medical evidentiary issue. I think the obligation of this court and the deputy under § 440.15(3)(b)(1), Florida Statutes, is simply to determine "from the record that the claimant's ... impairment rating complies with the Guides," even when the deputy or doctor has "failed to use the magic words `based on the A.M.A. Guides.'" Spring Air Mattress Co. v. Cox, 413 So.2d 1265 (Fla. 1st DCA 1982). Appellant has properly argued, without rebuttal *416 by appellee, that the medical evidence of total psychiatric disability in this case complies in substance with Chapter XIII of the Guides. I agree, and would conclude that the deputy erred in finding that he lacked authority to apply the Guides in evaluating such testimony simply because the expert did not utilize them.[1]
The remand is accordingly proper for the purpose of permitting the deputy to rule on the claim for permanent disability benefits either on this record or such other evidence as he may find proper.
NOTES
[1] Cf. Rhaney v. Dobbs House, 415 So.2d 1277 (Fla. 1st DCA 1982), recognizing that the statutory prescription is mandatory in requiring use of the schedule in the compensation process but analogizing their function to that of administrative "standards of value to be used by tax assessors;" and stating:

Although the provisions of § 440.15(3)(a)3 are not unconstitutional per se, they could be unconstitutional in their application if this section were interpreted to mean that there could be no permanent impairment unless a medical doctor testified from the AMA Guides as to certain percentage of permanent impairment set forth therein. However, the section should not be interpreted in that fashion.
... The section under attack does not even require the testimony of a medical doctor using the AMA Guides to establish the existence of some permanent impairment.