WIGGINTON, Judge.
This cause is before us on appeal by the self-insured employer from a workers’ compensation order awarding claimant wage-loss benefits, interest and penalties. We reverse on our determination that the record does not support the finding of the deputy commissioner that claimant sustained a permanent impairment as the result of his industrial accident.
The employer’s first point on appeal is in regard to the deputy’s conclusion that claimant “sustained a significant permanent impairment of at least 1 percent of the body as a whole within the guidelines of the AMA guide.” In so concluding, the deputy relied on the deposition testimony of an orthopaedist, Dr. Stalker, who stated that claimant had received 95 percent improvement at the time he examined him, and thereafter recommended claimant engage in lighter work. Although it is apparent from the order that the deputy also read the medical reports of the treating ortho-paedist, Dr. Baden, who found claimant on the date of maximum medical improvement to be capable of flexing his knee only 110 degrees (150 degrees being normal), it is not apparent from the order whether the deputy relied on those reports to reach his conclusion that claimant sustained a permanent impairment “within the guidelines of the AMA guide.” Indeed, the deputy expressly noted a complete absence of testimony “from any treating doctor regarding ana [sic] AMA guide impairment ...” The employer took exception to the deputy’s finding, and rightly so.
Although the award in this case was not dependent on a specific degree of impairment, wage-loss benefits being awardable upon the existence of “any permanent impairment” [e.s.], see Section 440.-15(3)(b)1, Florida Statutes (1979); and Clay Hyder Trucking v. Persinger, 416 So.2d 900, at n. 1 (Fla. 1st DCA 1982), in order to establish uniformity in the assessment of some permanent impairment, it was incumbent upon the deputy to base his finding on medical testimony in line with the AMA Guides. Racz v. Chennault, Inc., 418 So.2d 413 (Fla. 1st DCA 1982); Deinema v. Pierpoint Condominiums, 415 So.2d 811 (Fla. 1st DCA 1982). In other words, it is not readily apparent from the record that claimant’s permanent physical impairment rating accorded him by the deputy complied with the Guides. Cf. Spring Air Mattress Company v. Cox, 413 So.2d 1265 (Fla. 1st DCA 1982). Therefore, on remand, the deputy may, within his informed discretion, accept a revised medical report from Dr. Stalker or Dr. Baden translating his original medical findings into a new rating through the use of the AMA tables. Racz v. Chennault, Inc.
Because the award of wage-loss benefits, interest, penalties and entitlement to attorney’s fees was predicated on the deputy’s finding of a permanent impairment, our determination that said finding was without record support requires that the order be, and it hereby is, REVERSED in its entirety. Cintas Corporation v. Price, 424 So.2d 900 (Fla. 1st DCA 1982), and Remanded for further proceedings consistent with this opinion.
BOOTH and NIMMONS, JJ., concur.