SHIVERS, Judge.
In this workers’ compensation case Cabrera appeals the final order of the deputy commissioner which denies his claim for wage loss benefits. The only issue raised in this appeal concerns whether the deputy commissioner erred in denying the claim for wage loss benefits because Dr. Suarez’s impairment rating was not based on the AMA Guides to the Evaluation of Permanent Impairment (AMA Guides). We reverse and remand.
*769 At the hearing on the claim Dr. Suarez testified that claimant had a 5% permanent impairment of the whole body based on the Guidelines of the American Academy of Orthopedic Surgeons. Dr. Suarez was never questioned as to whether the claimant had any permanent impairment under the AMA Guides. In fact, no mention of the AMA Guides appears in the evidence contained in this record. Thus, the deputy commissioner erred when he stated in his order, “The only physician to issue an impairment rating was Dr. Suarez and he testified that it was not based upon the AMA Guides to the Evaluation of Permanent Impairment.”
It is true that the use of the AMA Guides is mandatory in most cases with only a few exceptions, such as when the permanent impairment is obviously visible to the deputy or when the particular injury is not covered in the AMA Guides. Paradise Fruit Co. v. Floyd, 425 So.2d 9 (Fla. 1st DCA 1982); Rhaney v. Dobbs House, Inc., 415 So.2d 1277 (Fla. 1st DCA 1982). It is also true, however, that failure to use the words “based on the AMA Guides” is not a talisman to be used in denying compensation. Spring Air Mattress Co. v. Cox, 413 So.2d 1265 (Fla. 1st DCA 1982). We have held that a physician’s failure to apply the AMA Guides renders the evaluation incompetent only as to the amount of disability, not to the fact that some permanent disability exists. Racz v. Chennault, Inc., 418 So.2d 413 (Fla. 1st DCA 1982); Deinema v. Pierpoint Condominiums, 415 So.2d 811 (Fla. 1st DCA 1982).
In light of the foregoing, we remand this cause to the deputy commissioner, with authority to take additional testimony and accept additional medical reports, to determine claimant’s impairment status under the AMA Guides and to make any other findings necessary for a determination of the claim.
REVERSED and REMANDED.
JOANOS, J., concurs.
WENTWORTH, J., concurs, with opinion.