ZEHMER, Judge.
The employer and carrier appeal an order of the Deputy Commissioner granting permanent partial disability benefits and ongoing medical care, including palliative psychiatric care. We affirm.
The claimant was injured in an industrial accident on October 26, 1978. The employer and carrier argue that the deputy erred in finding claimant’s disability rating to be 30% of the body as a whole based on the testimony of Dr. Ticktin, an orthopedic specialist, that claimant has a 15% permanent partial impairment due to his orthopedic condition and the testimony of Dr. Gilbert, a psychiatrist, that claimant has a 15% permanent partial impairment based on his psychiatric condition. The employer and carrier rely on Florida Department of Corrections v. Carro, 410 So.2d 629 (Fla. 1st DCA 1982), to support their contention that the deputy erred in granting a permanent partial disability rating in excess of claimant’s 15% orthopedic impairment rating given by Dr. Ticktin. They argue that under section 440.25(3)(b), Florida Statutes (1978 Supp.), the deputy could not give an impairment rating greater than the 15% testified to by Dr. Ticktin without finding a diminution of wage-earning capacity in excess of 15%. Section 440.25(3) at the time of claimant’s injury provided:
No judge of industrial claims shall either make a finding of, or award compensation for, a disability for physical impairment that is greater than the greatest disability given the claimant by any examining or treating physician, except upon stipulation of the parties.
We do not agree with the employer and carrier’s contention because Dr. Ticktin and Dr. Gilbert were both treating physicians and the orthopedic and psychiatric disabilities described by each of them involved separate parts of the body with different manifestations of impairment. Our opinion in Carro is inapplicable because the claimant in that case was suffering from only one physical disability, i.e., headaches. The two impairment ratings which we held could- not be combined in Carro were given by a physician and a psychologist solely with respect to claimant’s headaches and their resulting effect on physical functions. In the present case, on the other hand, claimant is suffering from an orthopedic impairment and a separate psychiatric impairment which has resulted from his injury and other related circumstances. Since claimant has two separate impairments and there is medical testimony that each impairment constitutes at 15% permanent partial disability, the deputy as the fact finder could find a permanent partial disability up to 30% of the body as a whole. The term “physical impairment” in section 440.25(3)(b) includes psychiatric conditions as well as orthopedic conditions. Racz v. Chennault, Inc., 418 So.2d 413 (Fla. 1st DCA 1982). The language in section 440.25(3)(b), Florida Statutes (1978 Supp.), that the disability shall not be greater than that given claimant by “any” examining or treating physician does not mean that the deputy is foreclosed from combining the disability ratings of two physicians when each physician has testified to a separate physical impairment.
There is competent substantial evidence in the record to support the disability ratings given by Dr. Ticktin and Dr. Gil *235 bert. Although Dr. Ticktin’s testimony is not a model of clarity, it was the deputy’s function as fact finder to resolve the obvious ambiguities revealed through cross-examination.
AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.