WENTWORTH, Judge.
Appellant seeks review of a workers’ compensation order denying his claim for a psychiatric evaluation with a Creole interpreter present, temporary benefits and wage loss.
Appellant contends the deputy commissioner erred in denying him a psychiatric evaluation with an interpreter present. We agree and reverse, finding the deputy commissioner’s determination that appellant is a malingerer does not per se preclude the otherwise valid claim for psychiatric evaluation, where the examining psychiatrist in substance declined a diagnosis for or against any psychiatric condition based on less than adequate communication between appellant and himself as a result of the language barrier. We also find the denial of a psychiatric evaluation to be improper insofar as it is based on the deputy’s finding that appellant suffered no permanent orthopedic or neurologic injury.
Appellant is a farm laborer who came from Haiti to the United States in 1980. He speaks limited English, has no schooling and cannot read or write in Creole or in English. He was injured January 12, 1984 while working as an orange picker, when an orange bin fell and struck him. He has not worked since the accident. In the two years since the accident, appellant has been examined by seven doctors, none of whom has found an objective basis for or evidence of injury. Although none of the examining doctors spoke Creole, an interpreter sometimes accompanied appellant during the examinations. Two authorized surgeons suggested the presense of a psychiatric disorder such as conversion reaction. Appointments were made for appellant with two psychiatrists. Although he had never failed to keep other doctor appointments, appellant did not appear for either of the psychiatric appointments. At the hearing, appellant stated that he had not been informed about these appointments. A third psychiatrist, Dr. George Kubski, did examine appellant while he was undergoing testing in the hospital. No interpreter was present, and Dr. Kubski does not speak Creole. Appellant testified that Dr. Kubski spent only four to five minutes with him. Dr. Kubski concluded from the examination that appellant was a probable malingerer, *902 but he did not reach a diagnosis as to any psychiatric condition. Dr. Kubski stated:
I couldn’t find any specific diagnostic entity that would explain the situation adequately. In the absence of being able to have a psychiatrist that spoke the man’s language, I reviewed the information and felt that it was best explained as a probable person who is malingering rather than having a psychiatric illness, (e.s.)
Appellant on July 31, 1985 filed a claim for temporary or wage loss benefits, and for a psychiatric evaluation with an interpreter present. Appellant testified that on nine occasions he requested a psychiatric evaluation conducted in the presence of a Creole interpreter, but that the carrier did not ever comply with the request. In his order, the deputy commissioner accepted Dr. Kubski’s finding that appellant is a probable malingerer, as well as testimony of other doctors indicating appellant has no verifiable physical injury. Based on this medical evidence, the deputy commissioner found that appellant did not suffer any physical or psychiatric injury as a result of his accident. After observing appellant, the deputy commissioner found him not to be credible, and he was not convinced that a language problem existed to the degree appellant alleged. On the basis of these findings, the deputy commissioner denied the claim.
We accept as supported by competent substantial evidence the deputy commissioner’s findings regarding appellant’s lack of credibility and probable malingering. However, we note that Dr. Kubski’s examination did not lead him to any affirmative or negative diagnosis of appellant’s psychiatric condition, and the record presents no other definitive evidence as to the presence or absence of a psychiatric disorder. A finding of malingering does not preclude the need for a psychiatric evaluation where medical evidence demonstrates that such an evaluation is reasonably required by the nature of the claimant’s injury or his process of recovery. Blackshear v. Bethune Cookman College, 467 So.2d 721 (Fla. 1st DCA 1985). Baez v. Chennault, Inc. 418 So.2d 413 (Fla. 1st DCA 1982). The record shows that a number of the doctors who examined appellant recommended a psychiatric examination because of the absence of any objective basis for appellant’s continuing complaints of pain. Under the circumstances presented that examination should reasonably be required to be conducted under conditions in which communication between the doctor and patient is adequate for a determination of psychiatric disorder. As to that specific shortcoming in his own examination, Dr. Kubski stated:
I didn’t give him a diagnosis. I just made a statement that because of what I understood to have happened, that I felt that that was the direction, but I didn’t go ahead and make a diagnosis per se_ I said I think I used the expression, ‘probable,’ and what I was asking for was that we get the records and review them with an interpreter.
In his order, the deputy commissioner stated, “the [Claimant has not suffered any physical or psychological injury as a result of this industrial accident.” Dr. Kubski’s testimony does not support a finding of no psychological injury. The record shows appellant was struck and rendered unconscious by a falling bin. That he has not suffered any permanent orthopedic or neurologic injury from his accident is not a proper ground for denying a psychiatric evaluation. See, Blackshear, supra.
Accordingly, the order is reversed and the cause remanded for further proceedings on the claim.
BOOTH, C.J., and MILLS, J., concur.