ERVIN, Judge,
concurring and dissenting.
In this workers’ compensation appeal, James L. Bishop, claimant, challenges the entry of an order which denied him certain requested relief. He asserts that the judge of compensation claims (JCC) erred (1) by not admitting the testimony of claimant’s primary treating physician regarding claimant’s anatomic permanent impairment rating, (2) by not admitting the testimony of claimant’s treating psychologist in regard to claimant’s permanent psychological impairment rating and the causal relation between his brain injury and industrial accident, and (3) by finding that claimant did not present competent, substantial evidence (CSE) to support a finding of permanent, total disability (PTD). Because I believe that the first two issues require reversal and remand of the order for further findings, I would also reverse and remand the cause as to the denial of PTD benefits, in that I consider the proper resolution of the last issue depends upon a correct determination of the former two.
On September 14, 1988, claimant suffered a compensable injury when he was assaulted and thrown from the balcony of his second-story motel room, resulting in extensive injuries to his back. Thereafter, he received medical care from Dr. Edmund C. Dyas, a board-certified neurosurgeon in Alabama, who, after treating claimant conservatively for approximately a year, performed a lumbar fusion on claimant’s back. A second surgery was effected the following year, because claimant’s back did not heal appropriately from the first fusion.
In May 1995, Dr. Dyas reported in his office notes that claimant had reached maximum medical improvement (MMI), with a resulting 40 percent disability to the body as a whole from an anatomic standpoint. He considered that claimant was then permanently and totally disabled from any ability to work. At his later deposition, Dr. Dyas *513 repeatedly refused to assign claimant a permanent impairment (PI) rating pursuant to the AMA Guides,[1] as required by section 440.15, Florida Statutes (Supp.1988). During cross-examination, however, the attorney for the employer, Baldwin Acoustical & Drywall, and the carrier, Wausau Insurance Company (collectively, the E/C), referred on several occasions to the AMA Guides, which revealed that claimant was entitled to a PI rating of 12 percent.
Despite the reference in the record to what appears to be the AMA Guides’ assessment of a 12 percent PI rating, the JCC made no mention of it in the order when he found that no evidence existed that claimant had suffered a “permanent impairment since none was diagnosed pursuant to any recognized standard as required or established by Florida law for making that determination.” In so deciding, the JCC overlooked or ignored substantial case law holding that a physician’s failure to apply the AMA Guides renders the evaluation incompetent only as to the amount of disability or impairment, not to the fact that some permanent disability or impairment exists. See Cabrera v. Universal Trusses, Inc., 429 So. 2d 768 (Fla. 1st DCA 1983); Racz v. Chennault, Inc., 418 So.2d 413 (Fla. 1st DCA 1982); Deinema v. Pierpoint Condominiums, 415 So.2d 811 (Fla. 1st DCA 1982).
In so saying, I recognize that the JCC had before him evidence of surveillance films disclosing that claimant was able to do far more than what he, his wife and son-in-law testified he was physically capable. Such evidence might affect a determination of whether claimant is currently disabled, or the extent of his disability, as a result of his compensable injury, but it should not serve as a basis for completely rejecting the claim that claimant has suffered a PI as a result of the industrial accident. As the JCC observed in his order, “Permanent physical impairment is a medical issue.”
Moreover, the E/C did not contest the fact that claimant had suffered a compensable injury. Elsewhere in his order the JCC observed that “the incident alone was traumatic enough to aggravate any pre-existing back condition that claimant might have had thereby necessitating two surgical fusions.” The reference the E/C’s attorney made to the AMA Guides during cross-examination of Dr. Dyas indicates that the impairment rating resulting from two spinal operations is 12 percent. Because this suggests that claimant has suffered a PI, the proper recourse is to remand the ease to the JCC, allowing him to take additional testimony and accept additional medical reports, in order to decide claimant’s impairment status under the AMA Guides and make any further findings necessary for the determination of the claims. Cabrera, 429 So.2d at 769.
For the same reason that reversal and remand is required as to the first issue, that portion of the order rejecting a PI rating as to claimant’s psychological condition should also be reversed and the cause remanded for further findings. Claimant’s treating psychologist, Dr. Daniel Koch, opined that claimant was at MMI in May 1995, with a 30 percent PI rating. Dr. Koch’s opinion, however, as the JCC’s order noted, was not based on the AMA Guides; rather, he relied on a computer analysis, which reflected a mild neuropsychological impairment, as well as a guide promulgated by another psychologist. Consequently, for the above reasons, I would reverse the order of denial and remand the case for the taking of additional evidence and the entry of further findings as to whether claimant is entitled to a psychological PI rating based on the AMA Guides.[2]
Under the circumstances, the JCC erred in refusing to assign a PI rating in that the AMA Guides themselves indicate existence of PI based on the two surgeries. Claimant’s credibility or lack thereof should play no part in determining whether he should be given a *514 PI rating. I would, therefore, reverse the order of denial and remand the case for further findings in regard to the questions of whether claimant has sustained an anatomic and psychological PI, and, if so, whether claimant has established his entitlement to PTD benefits.

. American Medical Association's Guides to the Evaluation of Permanent Impairment.

. I agree, however, that the JCC correctly found that no evidence supported a determination that there was a causal connection between claimant's psychological impairment and his industrial accident for the reason that a psychologist does not have the competency to so opine. Haas v. Seekell, 538 So.2d 1333 (Fla. 1st DCA 1989). As to this issue, I concur with the majority’s decision to affirm.