233 So.2d 5 (1970)
Betty V. MENDIVIL, Petitioner,
v.
TAMPA ENVELOPE MANUFACTURING COMPANY, Michigan Liability Company and Florida Industrial Commission, Respondents.
No. 38802.
Supreme Court of Florida.
March 11, 1970.
Rehearing Denied April 6, 1970.
Ted L. Wells, Tampa, for petitioner.
Daniel N. Burton, of Pope & Burton, Tampa, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
THORNAL, Justice.
By petition for certiorari we review an order of the Florida Industrial Commission reversing a workmen's compensation award entered by the judge of industrial claims.
The sole point involved is whether the industrial judge's award of temporary, total disability compensation running from the time of the industrial accident until some future date after the entry of his December 24, 1968, Order is supported by competent, substantial evidence.
Petitioner Mendivil suffered a subcapital fracture of her left femur in an industrial accident on September 12, 1966. Dr. Williamson performed remedial surgery in the nature of Knowles pinning and was her initial treating orthopedic surgeon. After examination on March 3, 1967, Dr. Williamson concluded claimant could return to work within two weeks. Consequently, on March 16, 1967, respondent stopped paying temporary, total compensation. Dr. Williamson stopped treating claimant in June when she discontinued further visits. Claimant continued to maintain she suffered pain in the thigh and hip. Dr. Williamson, while agreeing she had not yet reached maximum, medical improvement, believed she was "willfully and consciously exaggerating her symptoms * * * for financial gain." Dr. Diaz saw her once, on *6 July 19, 1967, and he concurred with Dr. Williamson's findings, that claimant could return to work though she had not yet reached maximum, medical improvement.
In November, 1967, claimant moved to California. In March, 1968, she saw Dr. Hall, an orthopedic surgeon, complaining of pain in her hip and leg. He stated that her x-rays were normal, but that she possibly was suffering from bursitis over the ends of the Knowles pins. On March 21, 1968, he operated and removed the pins. After the operation Dr. Hall considered her condition to be "permanent and stationary." He also recommended she return to work. Still, claimant's leg pains continued though Dr. Hall could find no objective evidence to pin-point their cause. Dr. Hall concluded that claimant's pains were caused by emotional reactions created by her personality and not her industrial injury. He stated such emotional reactions would most likely have occurred without the injury.
The only testimony to rebut this medical testimony that claimant had ceased being temporarily, totally disabled after March 16, 1967, with the exception of the two-week period from March 20 to April 3, 1968, after Dr. Hall's operation, is the testimony of the claimant. She has not conscientiously sought employment since the accident despite her doctors' statements that she could go back to work. Furthermore, she does not claim she is temporarily disabled, or that she has not reached maximum, medical improvement. She only states she suffers pain in her leg and hip.
It should be noted that all evidence was submitted by deposition. The industrial judge did not personally see any of the witnesses. The Full Commission was, therefore, in as good a position to evaluate the credibility of witnesses and weigh the evidence as was the industrial judge.
Though lay testimony is often sufficient to sustain a compensation award, even though it conflicts with medical testimony, Crowell v. Messana Contractors, 180 So.2d 329 (Fla. 1965), this is not true in the case at bar. The order of the Full Commission reversing the judge and directing him to revise his award of temporary, total disability; to make new findings concerning whether claimant has reached maximum, medical improvement; and to redetermine his award of attorney's fee is proper in light of our belief that the order of the judge of industrial claims is not supported by competent, substantial evidence. See United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla. 1961).
The petition for certiorari is denied.
ERVIN, C.J., and CARLTON, ADKINS and BOYD, JJ., concur.