377 So.2d 234 (1979)
MORRISON MERCHANDISING CORPORATION and Morrison Assurance Company, Appellants,
v.
Richard RAMBEAU, Appellee.
No. QQ-2.
District Court of Appeal of Florida, First District.
November 27, 1979.
*235 James H. Smith of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Tampa, for appellants.
Seymour L. Honig, Tampa, for appellee.
PER CURIAM.
The claimant's hand was amputated as a result of an industrial accident that occurred on April 9, 1975. The stump was well-healed by November 24th, but claimant was not immediately fitted with a prosthetic device. On October 21, 1976, he secured the services of a psychiatrist who opined that he was totally disabled from a psychiatric standpoint. Treatment by the psychiatrist was continued until December 16, 1976, at which time the claimant was no longer considered suicidal.
A hearing was held on February 23, 1979 at which time the judge found that the claimant had reached maximum medical improvement on October 4, 1977, and awarded temporary total disability benefits up to and including that date. Claimant was also awarded 75% permanent partial disability of the body as a whole based on loss of wage earning capacity. In arriving at his rating, the judge considered both the scheduled injury and the injury to the body as a whole.
The employer/carrier appeals the finding and the award. We reverse and remand.
It is clear from the record that the claimant reached maximum medical improvement from his orthopedic injury on November 24, 1975. Maximum medical improvement signifies the date after which the claimant is not expected to recover substantially from his accidentally induced medical problem. O.H. Development Corp. v. Tejera, IRC Order 2-2990 (July 29, 1976), cert. denied, 342 So.2d 1104 (Fla. 1976). The claimant in this instance, however, continued to suffer from psychological injury after the date of orthopedic MMI and from October 21, 1976 until December 16, 1976 he obtained regular treatment in an effort to *236 overcome psychological problems associated with the loss of his hand. We have not been directed to any evidence in the record that would justify extending temporary benefits to a point in time subsequent to December 16th. We have considered the fact that the claimant had still not decided upon the type prosthesis he would use. This fact alone, however, is an insufficient basis for extending the MMI date until such time as this decision was made. The depositional nature of the evidence adduced before the judge of industrial claims puts us in the same fact-finding posture as the judge. Mendivil v. Tampa Envelope Mfg. Co., 233 So.2d 5 (Fla. 1970). We conclude from that evidence that the claimant reached maximum medical improvement on December 16, 1976, and is entitled to temporary total disability benefits up to and including that date in addition to any temporary benefits he might be entitled to under § 440.15(2)(b).
The judge properly considered the psychological injury and the scheduled injury in arriving at his implicit conclusion that the claimant's permanent partial disability rating was not confined to the schedule. Kashin v. Food Fair, Inc., 97 So.2d 609 (Fla. 1957). The judge erred, however, in awarding a 75% permanent partial disability of the body as a whole based on loss of wage earning capacity. No job search was ever attempted so as to demonstrate a wage earning capacity loss in excess of the orthopedic and psychological impairment. Clark v. Western Knapp Engineering Co., 190 So.2d 334 (Fla. 1966). The order is accordingly reversed and the cause remanded to allow the judge an opportunity to translate the claimant's orthopedic and psychological disabilities into a body as a whole rating and award the claimant compensation for the scheduled injury or the body as a whole rating, whichever is greater.
LARRY G. SMITH, Acting C.J., and SHAW and WENTWORTH, JJ., concur.