566 So.2d 915 (1990)
Wendy Dawn BLACKBURN FOR Lloyd E. Blackburn (Deceased), Appellant,
v.
David TAYLOR and Arrow Trucking & Land Dev., Inc. and Liberty Mutual Insurance Co., Appellees.
No. 89-2506.
District Court of Appeal of Florida, First District.
September 12, 1990.
*916 Brian O. Sutter, Port Charlotte, Bill McCabe, of Shepherd, McCabe & Cooley, Longwood, for appellant.
Gerald W. Pierce, of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellees.
PER CURIAM.
Wendy Dawn Blackburn contests an order of the Judge of Compensation Claims (JCC) denying worker's compensation death benefits. The JCC found that she failed to establish by competent substantial evidence that she was living apart from the claimant for justifiable cause, and that she was substantially financially dependent upon him for support at the time of his death. Blackburn argues on appeal that she met her evidentiary burden, and that the JCC erred in rejecting her testimony for lack of credibility absent an adequate explanation for such a finding. We agree and reverse.
All testimony adduced before the JCC was submitted by deposition. This court is therefore in as good a position to evaluate the credibility of witnesses and weigh the evidence as the JCC. See, e.g., Mendivil v. Tampa Envelope Manufacturing Co., 233 So.2d 5, 6 (Fla. 1970); Lerman v. Broward Cty. Bd. of Com'rs, 555 So.2d 419, 425 (Fla. 1st DCA 1989); Sanlando Utility Corp. v. Morris, 418 So.2d 389, 391 (Fla. 1st DCA 1982); Haga v. Clay Hyder Trucking Lines, 397 So.2d 428, 431 (Fla. 1st DCA), review denied, 402 So.2d 609 (Fla. 1981); Morrison Merchandising Corp. v. Rambeau, 377 So.2d 234, 236 (Fla. 1st DCA 1979); cert. denied, 386 So.2d 640 (Fla. 1980). Our review of the record clearly shows that the claimant met her burden of proof by competent substantial evidence.
Section 440.16(1)(b), Fla. Stat. (1987) allows for the payment of death benefits to "the following persons ... on account of dependency upon the deceased, and in the following order of preference ...: (1) To the spouse if there is no child, 50 percent of the average weekly wage, such compensation to cease upon the spouse's death or remarriage... ." (Emphasis Supplied). Spouse is defined as "only a spouse ... substantially dependent upon the decedent for financial support and living apart at [the time of the decedent's death or injury] for justifiable cause." Section 440.02(19), Florida Statutes (1988 Supp.). Therefore, before a spouse living apart may recover dependency benefits, such spouse must produce competent evidence of substantial dependence on the decedent for financial support, and justifiable cause for any physical separation at the time of death.
Although meager, Blackburn's class and position in life, her accustomed mode of living, the decedent's actual contributions and her reliance upon those contributions support a finding that she was substantially financially dependent upon the decedent, and lived apart from him at the time of his death for justifiable cause. See Wise v. E.L. Copeland Bldrs., 435 So.2d 339, 341, 342 (Fla. 1st DCA 1983). There is no competent substantial evidence to the contrary. Thus, we find that Blackburn is a surviving spouse within the meaning of Chapter 440, and the JCC erred in denying the claim for worker's compensation death benefits. We reverse and remand for an award of such benefits.
The order appealed from is REVERSED and REMANDED for further proceedings consistent with this opinion.
SHIVERS, C.J., and JOANOS and MINER, JJ., concur.