PER CURIAM.
The only issue in this appeal is whether the judge of compensation claims (“JCC”) correctly determined the date claimant became eligible to receive permanent total disability benefits. We conclude that the JCC’s resolution of this issue is not supported by competent substantial evidence. Rather, the medical deposition testimony[1] upon which the JCC based his decision shows that as of August 8, 1990, claimant was unable to do even light work uninterruptedly because of her physical limitations resulting from her industrial accident, meeting the test for permanent total disability, Vargas v. AMI Kendall Regional Hospital, 629 So.2d 993 (Fla. 1st DCA1993), and there was no reasonable expectation that her condition would improve after that date to the point where she would be able to return to such work.
Reversed and remanded for further proceedings consistent with this opinion.
ERVIN, JOANOS and KAHN, JJ., concur.

. This court is on equal footing with the judge of compensation claims in evaluating and weighing medical testimony given by deposition. Hubbell v. Triple J of Lee County, 590 So.2d 1084 (Fla. 1st DCA1992); Blackburn v. Taylor, 566 So.2d 915 (Fla. 1st DCA), review denied, 577 So.2d 1329 (Fla.1990); Hidden Harbor Boatworks v. Williams, 566 So.2d 595 (Fla. 1st DCA1990).