PER CURIAM.
Power Plant Maintenance and GAB Robbins North America Inc., the employer and carrier respectively, appeal an order of the judge of compensation claims awarding temporary partial disability benefits to Gilbert Mercado, the claimant. We reverse.
The claimant, an insulation installer, tripped at work in April of 1995 and injured his back. Following the injury he was treated by Dr. James Melton, an orthopaedic surgeon, and Dr. V.I. Batas, a rehabilitation specialist. Both doctors testified that the claimant had reached maximum medical improvement (MMI) with an 8% permanent impairment but they differed as to the date. Dr. Melton stated that the claimant had reached MMI on December 31, 1995 but according to Dr. Batas the claimant did not reach MMI until February 6,1997.
The claimant was incarcerated twice during the period of time between the accident and the filing of his petition for benefits. In June of 1996, during his second incarceration, the claimant and his wife were divorced.
After the hearing on the claim, the judge awarded the claimant temporary partial disability benefits from April 25, 1995 to the present and continuing. The order credited the employer and carrier for benefits already paid and for “any periods of incarceration” following the claimant’s divorce. However, it required the employer and carrier to pay temporary partial disability benefits[1] for the period of incarceration before the divorce from May 12 to October 1995. Finally, the judge rejected the opinions of both Dr. Melton and Dr. Batas as to MMI date and concluded that the claimant had not yet reached MMI. The judge based his opinion on the claimant’s complaints of pain and wasting of the muscle mass in his leg and on his own conclusion that neither doctor had provided medical care to him for the leg condition. He concluded that “additional •medical care [for the claimant’s leg] by other physicians should be obtained through an independent medical evaluation process initially.”
We conclude that the judge erred in rejecting the medical testimony of claimant’s treating physicians and in determining that he had not yet reached MMI. While it is true that Dr. Melton and Dr. Batas gave differing opinions as to the applicable date, both doctors were of the opinion that the claimant had reached MMI. Thus, the medical testimony was unrefuted that the claimant had reached MMI. The judge erred in rejecting this unrefuted testimony without giving sufficient reason. See Ackley v. General Parcel Service, 646 So.2d 242 (Fla. 1st DCA 1994).
The judge’s conclusion that neither doctor addressed or treated the claimant’s leg is not supported by the record. The notes of both Dr. Batas and Dr. Melton indicate that they were aware that the claimant had a problem with his leg and they treated it as an integral part of the overall orthopaedic condition. Nor is there any evidence in the record to indicate that either doctor, had any expecta *300 tion that additional treatment would have led to improvement in the leg. Consequently, the judge should have made a finding as to the date of MMI based on the testimony of either Dr. Batas or Dr. Melton, whichever doctor’s testimony he chose to accept. Alternatively, he should have given sufficient reason for rejecting the unrefuted medical testimony that the claimant had reached MMI.
Additionally, we note that the judge based his finding that the claimant was not yet at MMI in large part on the claimant’s own testimony of continuing pain in his leg. Bare assertions of pain by the claimant are an insufficient basis to reject unrefuted medical testimony. See Sanlando Utility Corp. v. Morris, 418 So.2d 389 (Fla. 1st DCA 1982); Shop & Go, Inc. v. Hart, 537 So.2d 667 (Fla. 1st DCA 1989). We therefore reverse and remand for a determination of the proper, MMI date.
The judge also erred in awarding benefits to the claimant during his periods of incarceration. Under section 440.15(9), Florida Statutes (1995), if an employee becomes an inmate of a public institution, compensation shall not be payable “unless he has dependent upon him for support a person or persons defined as dependents elsewhere in this chapter, whose dependency shall be determined as if the employee were deceased and to whom compensation would be paid in case of death....” By the definitions set forth in the statute and the applicable ease law, the claimant did not have any dependents.
In Blackburn v. Taylor, 566 So.2d 915 (Fla. 1st DCA 1990), we explained that a spouse living apart from the employee may not recover dependency benefits without first producing evidence of substantial dependence on the decedent for financial support and justifiable cause for any physical separation at the time of injury. The burden is therefore on the party seeking benefits to prove the elements of statutory dependence. However, the judge in the present case improperly placed the burden on the employer and carrier to prove that the claimant wife was not dependent upon him for financial support and was not living apart from him for justifiable reason at the time of his injury.
There was no evidence that the claimant’s wife was financially dependent upon him at the time of his injury in 1995. To the contrary, he had only worked for the employer for approximately a week and a half at the time of his accident, and immediately prior to that time he had been doing community service, which he had been ordered to perform as a sentence for a prior conviction. Further, the claimant testified in his deposition that he had no dependents and that his wife always took care of him.
The claimant’s wife was not living with him at the time of the accident; however, it appears from the testimony given at the hearing that she was living apart from him “for justifiable cause,” as required by section 440.02(22). She was apparently helping her daughter to complete her move to Florida at the time. But since there was no evidence that the claimant’s wife was substantially financially dependent upon him, it was improper for the judge to award benefits for any time during which the claimant was incarcerated. Accordingly, we reverse the award of benefits during this period of time.
Finally, the judge erred in awarding temporary partial disability benefits from April 25 and continuing. Temporary partial disability benefits could not properly be awarded for this indefinite time period, since the medical evidence shows that the claimant reached MMI on either December 31, 1995 or February 6, 1997. See § 440.15(4)(b), Florida Statutes (claimant may receive temporary partial disability benefits only for periods of time prior to MMI). As the award currently stands, it grants temporary partial disability benefits beyond the latest possible MMI date.
We therefore reverse as to the award of temporary partial disability benefits and remand for the judge to award these benefits only for the period of time prior to the MMI date, which shall also be determined on remand. The award of temporary partial disability benefits must exclude the periods of time during which the claimant was incarcer *301 ated and must give credit for benefits already paid by the employer and carrier.
Reversed and remanded.
BOOTH, BENTON and PADOVANO, concur.

. The final order contains an apparent clerical error in reference to the award of benefits during the period of incarceration from May 12, 1995 to October of 1995. The order states that Mercado is entitled to temporary total disability benefits for this period, but the intended meaning was obviously an award of temporary partial disability benefits. The order expressly finds in another section that Mercado "is not entitled to temporary total disability benefits as claimed, because [he] testified that his doctorsf told him he could return to work and he did in fact begin to look for work.”